409 So.2d 268 (1982)
STATE of Louisiana
v.
Henry F. DAVIS.
No. 81-KA-1663.
Supreme Court of Louisiana.
January 25, 1982.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., John M. Mamoulides, *269 Dist. Atty., Abbott J. Reeves, Patrick Leitz, Asst. Dist. Attys., for plaintiff-appellee.
William Noland, & Lawrence J. Boasso, of Orleans Indigent Defender Program, New Orleans, for defendant-appellant.
MARCUS, Justice[*].
Henry F. Davis was charged in the same information, in separate counts, with aggravated battery on Dawn Biggers and on Louise Crouchet, in violation of La.R.S. 14:34. Defendant filed motions to suppress physical evidence and out-of-court identifications. After a hearing, the trial judge denied the motions. Thereafter, defendant withdrew his former pleas of not guilty and entered a plea of guilty to the charge of aggravated battery on Louise Crouchet expressly reserving his right to appeal the court's denial of his motions to suppress.[1] The other charge of aggravated battery was dismissed. Defendant was sentenced to serve three years at hard labor. Execution of the sentence was suspended and defendant was placed on probation for three years on the conditions that he serve six months in the parish prison, pay a fine of $1,000 plus court costs, indigent defendant fee, and clerk's fee, and receive psychiatric evaluation and treatment until discharged. On appeal, defendant relies on two assignments of error for reversal of his conviction and sentence. Because we find reversible error in the failure of the trial judge to suppress the out-of-court identifications, we need not consider the other assigned error.
Defendant contends the trial judge erred in denying his motion to suppress the out-of-court identifications of him by Louise Crouchet, the victim of the aggravated battery, and Julie Baye, a witness, because the circumstances of the one-on-one confrontations were impermissibly suggestive.
The record reflects that on January 4, 1980, Louise Crouchet, a high school student, was shot in the right hip by a passing motorist armed with a pellet pistol. Miss Crouchet described her assailant as a heavyset man with a beard, mustache and uncombed hair. She identified the car he was driving as a tan Thunderbird. She stated that she had seen the man drive by her twice earlier on the same day while she was standing outside her school waiting for a bus. Miss Crouchet was fifteen years old at the time of trial.
Another high school student, Julie Baye, had also seen a man in a tan Thunderbird on January 4. She did not, however, see the shooting incident. Miss Baye stated that a man drove past several times while she and a friend were walking to the store and again later when she walked back to school. She saw the same man driving around the school parking lot several weeks later and wrote down the car's license plate number. That number was subsequently relayed to the police. Miss Baye was seventeen years old at the time of trial.
On February 21, 1980 (some forty-eight days later), Jefferson Parish Sheriff's Deputies John Ford and Judy Long, received a report that a suspicious person had discharged a firearm in the six hundred block of Avenue C in Marrero. As they proceeded to the scene, additional information was radioed to them. The description of the automobile and license number matched that used by the man wanted for the aggravated battery on Louise Crouchet. They stopped defendant's vehicle in the seven hundred block of Allo Street and asked him to exit the vehicle. While Deputy Ford was checking defendant's driver's license, Deputy Long walked around the opposite side of the car and spotted a weapon on the floor of defendant's vehicle. Based on the descriptions of the suspect and vehicle, including the license number, defendant was arrested for aggravated battery. He was then transported to the Jefferson Parish Correctional Center.
*270 The sheriff's office contacted Louise Crouchet and Julie Baye and asked them to come to the Correctional Center to identify defendant. Miss Crouchet was accompanied by her parents and Miss Baye, by her mother and another person. The girls were instructed by a deputy to look through a window into the booking area. Defendant was told to stand on a wooden platform, by himself, that was situated about twenty feet away from the witnesses. The girls were standing next to each other while looking at defendant. There is no indication that any precautions were taken to prevent either from influencing the other. Nor did the state make any showing of an inability to conduct a lineup or comply with recognized safeguards for identifications. Under these circumstances, Miss Crouchet identified defendant as the man who shot her and Miss Baye identified him as the man she had seen driving near her high school.
There can be little doubt that the out-of-court identifications were suggestive (because of the one-on-one confrontations at the police station) and unnecessary (because there was no emergency or exigent circumstance). However, this does not end our inquiry. In Manson v. Brathwaite, 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977), the United States Supreme Court held that reliability is the linchpin in determining the admissibility of identification testimony. The factors to be considered include the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of his prior description of the criminal, the level of certainty displayed at the confrontation, and the time between the crime and the confrontation. Against these factors is to be weighed the corrupting effect of the suggestive identification. The Court noted that the standard, after all, is that of fairness as required by the due process clause of the fourteenth amendment. In the final analysis, it must be determined whether under all the circumstances of a particular case there is a very substantial likelihood of irreparable misidentification.
We must then apply the above analysis to the facts of this case. Miss Crouchet testified that of the three occasions she saw her assailant, the only time she got a good look at him was after she was shot. The man was seated in a moving automobile and was driving away from her at the time. Hence, the amount of time for her to view him was limited to several seconds. Likewise, Miss Baye's observations were only of a man seated in a passing vehicle. The degree of the witnesses' attention was not high. While they had become suspicious of defendant, neither had much of an opportunity to observe his physical characteristics. Moreover, being high school girls in their teens, they were inexperienced in making identifications. Also, the descriptions given by the girls were not very detailed. Miss Crouchet admitted that her conclusion that her assailant was heavyset was only based on how he was seated in the car. She testified that the man had a beard, including a mustache, but Miss Baye was uncertain as to the beard. Although the girls testified that they were certain as to their identifications, the one-on-one confrontations at the police station took place some forty-eight days after they had originally seen defendant.
Weighing these indicia of reliability against the corrupting effect of the one-on-one confrontations at the police station, we conclude that there was a very substantial likelihood of irreparable misidentifications. Hence, the identification testimony of Louise Crouchet and Julie Baye should have been suppressed. The trial judge erred in holding otherwise. We must reverse.

DECREE
For the reasons assigned, defendant's conviction and sentence are reversed and the case is remanded to the trial court for further proceedings consistent with the views herein expressed.
BOUTALL, J. ad hoc, dissents for reasons assigned.
BOUTALL, Justice Ad Hoc dissenting.
I would dissent.
*271 Although one-on-one identifications are not favored in the law, the trial judge found that under the circumstances of this case, there was sufficient reliability to deny the motion to suppress the identification. I would affirm his denial, leaving the question of identification to be determined on trial.
NOTES
[*] Judges O. E. Price and Fred W. Jones, Jr. of the Court of Appeal, Second Circuit, and Judge John C. Boutall of the Court of Appeal, Fourth Circuit, participated in this decision as associate justices ad hoc, joined in by Associate Justices Calogero, Marcus, Dennis and Watson.
[1] State v. Crosby, 338 So.2d 584 (La.1976).