420 So.2d 1116 (1982)
STATE of Louisiana
v.
Warren WILLIAMS.
No. 81-KA-2974.
Supreme Court of Louisiana.
October 18, 1982.
*1118 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Louise Korns, David R. Paddison, Asst. Dist. Attys., for plaintiff-appellee.
Ferdinand J. Kleppner, Metairie, for defendant-appellant.
WARD, Justice Pro Tem.[*]
Warren Williams was convicted by a jury of the crime of armed robbery, and he was sentenced to serve twelve years at hard labor. Williams has appealed both his conviction, which he contends was the result of error committed during trial, and his sentence which he argues is excessive.
Although Williams had first specified twenty assignments of error, three of those assignments of error have been abandoned. Of the remaining seventeen, they have been grouped into eleven arguments for the purpose of this opinion.
The evidence during trial showed that on February 10, 1979, at about 8:30 p.m., Williams entered the Burger King on Gen. DeGaulle Drive in New Orleans. After placing his order with the waitress at the counter, he sat at a nearby table while the order was being prepared. He returned to the counter to complain about the delay, but then he went back to the table and sat there without his food until all other customers had left. He then approached the cashier, showed her a gun, and ordered her to give him "all the money". She gave him about $240.00. While continuing to point the gun at her, he slowly backed out of the restaurant and then ran toward the Parc Fontaine Apartment complex. The cashier ran to the office and told the manager, who immediately called the police and described the robber to the police while the cashier was describing the robber to him. Officer Sam Jones, who was in the area, heard the broadcast of the armed robbery and drove to the Parc Fontaine Apartments where he saw Williams hiding in an alley. Williams fit the description that had been broadcast, and Officer Jones brought Williams back to the Burger King. The cashier and other employees positively identified Williams as the robber, and Jones immediately arrested him and advised him of the Miranda warnings, searched him and found a .32 caliber bullet and $125.00. Williams then told Officer Jones that he had never committed a crime before but that he had just robbed the Burger King. Williams then brought the Officer to the place where he had left the gun and his coat.
ASSIGNMENT OF ERROR NO. 1
Williams claims that the Trial Judge erred in refusing to grant his Motion to Quash the Bill of Information because the *1119 penal portion of La.R.S. 14:64, the armed robbery statute, is unconstitutional since it permits cruel and unusual punishment. An impressive body of jurisprudence has determined otherwise and upheld the constitutionality of the statute. The latest of a long line of cases is State v. Johnson, 406 So.2d 569 (La.1981).
This assignment lacks merit.
ASSIGNMENT OF ERROR NO. 2
Williams next contends that the Trial Court erred when he denied the motion to suppress Williams's inculpatory statements. He argues that the State did not meet its burden of proving beyond a reasonable doubt both that he had been given his Miranda rights and that his confession was free and voluntary. Officer Jones testified at the motion to suppress and at trial that he had advised Williams of the Miranda warnings before Williams made any statements. He further testified that Williams had confessed, without questioning, to the robbery shortly after he had been identified by the employees at the Burger King and that the statements were spontaneous and blurted out, as if in response to the identification. Although Williams later testified that Officer Jones threatened him if he did not take Jones to find the gun and coat, Jones denied making such a threat.
Before a confession can be introduced into evidence, it must be affirmatively shown that it was free and voluntary, LSA-R.S. 15:451. This Court has held affirmative proof means beyond a reasonable doubt. State v. West, 408 So.2d 1114, 1116 (La.1982). The admissibility of a confession is first a question for the Trial Judge, and his decision will not be overturned unless it is not supported by the evidence. State v. Haynie, 395 So.2d 669, 676 (La.1981).
Officer Sam Jones's testimony, the events surrounding Williams's arrest, and the unlikelihood of force or threats by Jones in the Burger King where Williams confessed all indicate that Williams's confession was spontaneous, free, and voluntary and made after he had been advised of his rights.
This assignment of error lacks merit.
ASSIGNMENT OF ERROR NO. 3
Williams also claims that the Trial Judge erred when he denied the Motion to Suppress Williams's out-of-court identification because it was suggestive, having taken place at the Burger King while Williams was the sole suspect.
This court has frequently considered whether an identification was the result of either suggestive conduct or circumstances, which would make the identification inadmissible. In State v. Bickham, 404 So.2d 929, 934 (La.1981), this court said:
One-on-one confrontations between a suspect and a victim, while not favored by the law, are permissible when justified by the overall circumstances. State v. Dunbar, 356 So.2d 956 (La.1978). Such identification procedures are generally permitted when the accused is apprehended within a short time after the offense and is returned to the scene of the crime for on-the-spot identification. A prompt in-the-field identification, under appropriate circumstances, promotes accuracy, as well as expediting the release of innocent suspects.
Further, in State v. Davis, 409 So.2d 268, 270 (La.1982), we stated:
... In Manson v. Brathwaite, 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977), the United States Supreme Court held that reliability is the linchpin in determining the admissibility of identification testimony. The factors to be considered include the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of his prior description of the criminal, the level of certainty displayed at the confrontation, and the time between the crime and the confrontation. Against these factors is to be weighed the corrupting effect of the suggestive identification. The Court noted that the standard, after all, is that of fairness as required by the due process clause of the fourteenth amendment. In the final analysis, it must be determined whether *1120 under all the circumstances of a particular case there is a very substantial likelihood of irreparable misidentification.
In the instant case, Williams sat for some time in a well-lighted restaurant, and he stayed there until he was the only customer. He had approached the cashier and spoken with her on several occasions. The cashier had described Williams before he was brought back to the restaurant, and her description perfectly matched Williams's appearance. When he was apprehended and returned to the restaurant, twenty minutes after the crime, three witnesses positively identified him. There was ample opportunity for the witnesses to have observed him both before and during the robbery. These facts create a strong inference of reliability, and the detail and accuracy of the description reinforced the inference. Furthermore, in Bickham, supra, this court stated:
...A trial judge's determination of the admissibility of an identification should be accorded great weight and will not be disturbed on appeal unless the evidence reveals an abuse of discretion.
We find no abuse of discretion and, therefore, no merit to this assignment of error.
ASSIGNMENT OF ERROR NO. 4
In addition to the errors which Williams alleges were committed when the Trial Judge denied the motions to suppress the confession and the identification, Williams claims that the Trial Court erred when he denied the Motion to Suppress the Evidence. He argues that, because of the improper identification procedures and the coerced inculpatory statement, the evidence which was discovered was tainted and should have been suppressed. Williams's confession led to the discovery of a gun and jacket; a search of his person incident to the arrest disclosed $125.00 and a bullet. We have previously found that the confession was admissible and that the identification was without taint of suggestion, and we now hold that the arrest was lawful, the search incident to it was legal, and the evidence disclosed by Williams in his confession was admissible. We, therefore, also find that this assignment lacks merit.
ASSIGNMENTS OF ERROR NOS. 5 and 6
Williams argues that other errors occurred during trial, and he contends that the Trial Judge erred when he restricted the examination of jurors during the voir dire and when he interjected himself into the voir dire by castigating Defense Counsel. Counsel was limited in two instances during his examination of prospective jurors. In the first instance, the Trial Judge refused to permit Defense Counsel to question jurors as to whether they had been victims of the crimes of burglary or theft and limited the questioning to violent crimes because, he believed, the two types of crime are "totally different." In the second instance, when Counsel asked jurors if they would be inconvenienced if the trial lasted more than a day, the Trial Judge said, "It will not go more than one day", and in an exchange with the Defense Counsel, he added, "You can take issue all you want... we are not going to be here until tomorrow. We are either going to try this case today or we are not going to try it, one or the other."
The rule for examining prospective jurors is given in La.C.Cr.P. Art. 786, and this court discussed the purpose and scope of voir dire examination in State v. Murray, 375 So.2d 80, 82 (La.1979): "The scope of voir dire examination is within the sound discretion of the Trial Judge and his rulings will not be disturbed on appeal in the absence of a clear abuse of discretion." Further, the evaluation of the fairness of the action by the judge will be made from the record as a whole. State v. Nichols, 397 So.2d 1308, 1317 (La.1981).
In this case, the judge allowed extensive questioning of the possible jurors, and the record, when considered in its entirety, does not indicate that the Trial Judge abused his discretion on the two occasions when he limited the voir dire by the Defense Counsel.
For these reasons, the assignments lack merit.
*1121 ASSIGNMENTS OF ERROR NOS. 7, 9, 10 and 11
By this assignment, Williams contends that the Trial Judge erred in permitting several State exhibits to be admitted as evidence and viewed by the jury during the trial. The items included several photographs: one of the crime scene, one of Williams's jacket, and one of the area where the jacket and gun were found. Additionally, a gun, cash, Williams's coat, and a .32 caliber bullet were all admitted into evidence. Williams argues that the Trial Judge erred when he admitted this evidence because the prosecution failed to lay a predicate and to establish a chain of evidence.
Before evidence is admitted and shown to the jury, a foundation for its admission is required by La.C.Cr.P. Art. 773, but this Court has held that a chain of custody is not always essential to establish a foundation, State v. Davis, 411 So.2d 434, 438 (La.1982):
"To admit demonstrative evidence at trial, the law requires that the object be identified. The identification can be visual, that is, by testimony at the trial that the object exhibited is related to the case. It can also be identified by chain of custody, that is, by establishing the custody of the object from the time it was seized to the time it was offered into evidence. State v. Paster, 373 So.2d 170 (La.1979); State v. Drew, 360 So.2d 500 (La.1978). A continuous chain of custody is not essential to enable the state to introduce physical evidence as long as the evidence as a whole establishes that it is more probable than not that the object introduced was the same as the object originally seized by the officer. State v. Guzman, 362 So.2d 744 (La.1978)."
During trial, the State's exhibits were each identified visually by either the three witnesses who were employees of Burger King or by Sam Jones, the investigating officer. Their testimony clearly established that the photographs accurately depicted the crime scene, the items of evidence, and the area where they were discovered. Their testimony established that other exhibits were one and the same items of evidence that had been recovered by Officer Jones. The photographs and other exhibits were properly admitted into evidence.
This assignment lacks merit.
ASSIGNMENT OF ERROR NO. 13
Williams next contends that the Trial Judge erred when he denied a motion for a directed verdict. He argues that the State's evidence was insufficient to support a verdict of guilty.
La.C.Cr.P. Art. 778 as amended by Act 525 of 1975 does not provide for directed verdicts in jury trials.[1] Nonetheless, when allegations are made that the evidence is insufficient to support the verdict, this Court will review the evidence and apply the constitutional standards required by Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 650 (1979). This Court noted in State v. Garrison, 400 So.2d 874, 882, ftn. 2 (La.1981):
The directed verdict in jury trials became unavailable with the amendment of La.C.Cr.P. Art. 778 by La.Acts 1975, No. 525 Sec. 1. The trial judge had only such authority in bench trials. State v. Adams, 355 So.2d 917 (La.1978).
However, in State v. Peoples, 383 So.2d 1006 (La.1980), this court held that...it would review a claim that the state's case was insufficient to support a conviction under a "no evidence" standard. The defense argument is thus considered here, albeit under the rational fact finder test of Jackson v. Virginia, now adopted by this Court.
The Court further declared:
The standard used in reviewing the sufficiency of evidence as enunciated by *1122 the United States Supreme Court in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found beyond a reasonable doubt that the defendant is guilty....
In this case, the defendant's confession, the eye witnesses identification, and the demonstrative evidence were clearly sufficient to support a conviction, and the Trial Judge's denial of a directed verdict of acquittal was correct.
This assignment lacks merit.
ASSIGNMENTS OF ERROR NOS. 14 and 15
Williams argues that the Trial Judge erred when he refused to allow Defense Counsel either to read the sentence portion of the armed robbery statute or to present a "reasonable" hypothesis of innocence while Counsel was giving his closing argument. The question of when the penalty portion of a statute may be argued has been addressed by this Court. "When the penalty imposed by the statute is a mandatory one the trial judge must inform the jury of the penalty on request of the defendant, and must permit the defense to argue the penalty to the jury...." State v. Washington, 367 So.2d 4 (La.1978). Where the sentencing provision is not mandatory, as in the armed robbery statute, the Trial Court has the discretion either to permit or to deny argument that would disclose to the jury the range of sentence. State v. Bell, 377 So.2d 275, 282 (La.1979).
The Trial Judge acted within his discretion.
Counsel also contends that the Trial Judge erred when he denied Counsel the opportunity to argue to the jury by using a hypothetical theory of innocence. Counsel attempted to argue "You have a young man walking home, possibly, or going to a bus..." when the Trial Judge stopped him because those facts were not within the record. Counsel then amended his hypothesis to conform to the facts, but he contends now that the Trial Judge erred. The Trial Judge was correct.
The argument shall be confined to evidence admitted, to the lack of evidence, to conclusions of fact that the state or defendant may draw therefrom, and to the law applicable to the case. La.C.Cr.P. Art. 774.
We find both assignments to be without merit.
ASSIGNMENT OF ERROR NO. 17
Williams also argues that the Trial Judge erred when he refused to order a mistrial. In closing argument, Defense Counsel pointed out to the jury that the State had failed to introduce evidence of fingerprints to show that the gun belonged to Williams. In his rebuttal argument, the assistant District Attorney argued to the jury that Defense Counsel could likewise have had the gun dusted for fingerprints.
Defense Counsel did not object when the statement was made, but after the conclusion of the argument, he asked for instructions from the Judge to make clear to the jury that Defense Counsel did not have an obligation to dust for fingerprints, and in the alternative, he asked for a mistrial. The Trial Judge denied both.
The remarks of the Prosecutor were only made in answer to Defense Counsel's argument. Unquestionably, the Prosecutor had a right to answer that argument and to comment on the weakness of Defense Counsel's theory of the case. If the Prosecutor had raised an inference in the minds of the jurors that the Defense Counsel had an obligation to examine the gun, then the Trial Judge dispelled that inference when he instructed the jury that the state must bear the entire burden of proving guilty beyond a reasonable doubt.
This assignment lacks merit.
ASSIGNMENT OF ERROR NOS. 18 and 19
Williams moved for a new trial alleging error occurred during trial when the Trial Judge refused to include a charge on circumstantial evidence in his instructions to the jury, and he claims that the state relied only on circumstantial evidence.
*1123 We disagree. The state's case included direct evidence: eye witness identification and a confession by the defendant to a police officer. The Trial Court did not err. Although Counsel argues now the ends of justice would be served by granting a new trial because of this and of the other numerous errors, the claim is without merit.
ASSIGNMENT OF ERROR NO. 20
Williams argues that the Trial Court erred in refusing to grant defendant's motion for a pre-sentence investigation. He also argues that the sentence imposed is excessive because Williams should not be imprisoned for his first offense. The Trial Judge may order a PSI, but he is not required to. C.Cr.P. Art. 875. The Trial Judge did not abuse his discretion when he denied the request. We also conclude that the imposition of a twelve-year sentence is not excessive for a defendant who arms himself with a gun and threatens to kill his victim.
Moreover, this court has held that a twelve year sentence under like circumstances is not an apparently severe sentence, State v. Bowick, 403 So.2d 673, 676 (La.1981), State v. Jones, 381 S.2d 416, 418 (La.1980) even if the defendant is a first offender. State v. Green, 390 So.2d 1253, 1260 (La.1980). Although the Trial Judge was brief when he articulated the reasons for the sentence, remand for complete compliance with La.C.Cr.P. Art. 894.1 is not necessary when the sentence imposed is not apparently severe and there is no manifest abuse of discretion. State v. Russel, 397 So.2d 1319, 1325 (La.1981).
This assignment of error lacks merit.
For the above reasons, both the conviction and sentence of Warren Williams are affirmed.
NOTES
[*] Judges William H. Byrnes, III and David R.M. Williams of the Court of Appeal, Fourth Circuit, participated in this decision as Associate Justices Pro Tempore, with Chief Justice Dixon and Associate Justices Calogero, Dennis and Watson.
[1] Act 144 of 1982, effective September 10, 1982, grants authority to the Trial Judge to grant a post-verdict judgment of acquittal, when the Court finds that the evidence, viewed in a light most favorable to the State, does not reasonably permit a finding of guilty. This Act, a legislative response to the problem created by Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 650 (1979), and Burks v. U.S., 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978), is not applicable to motions made prior to the jury verdict, and is applicable only to cases tried after September 10, 1982.