COLE, Judge.
The only issue before us is the excessiveness of the sentence imposed upon defendant as a result of his guilty plea to one count of armed robbery. The charges arose from an incident occurring on April 25, 1982, when defendant Rex Bell Williams, Jr., approached two men in the parking lot of Lee Motors in Baton Rouge and asked them for a ride home. The men agreed and after traveling a short distance defendant pulled out a small pistol and ordered the two men to get out of the car and run. Defendant then departed in the automobile and was later apprehended in Tangipahoa parish. He was returned to East Baton Rouge parish, and charged by bill of information with armed robbery, i.e., violation of La.R.S. 14:64. Defendant pled guilty to the charge, and after a “Boykin” hearing, the court imposed a sentence of nine years at hard labor, without benefit of probation, parole or suspension of sentence.
*646 Defendant argues on appeal the sentence imposed is excessive. As a part of that assignment of error he contends the court did not properly consider the mitigating factors under La.Code Crim.P. art. 894.1 which are applicable to him. Ironically, appellant does not enumerate any such mitigating factors which should have been considered. The court had informed the defendant, at the time he made his plea, the maximum sentence imposed would be nine years. The actual sentence was to be dependent upon the presentencing report. Defendant and his counsel were in total agreement with this “bargain.” When the sentence was actually imposed the court stated due to the defendant’s lengthy juvenile and adult criminal record, a lesser sentence would not be appropriate. At this point the court gratuitously offered to allow the defendant to withdraw his guilty plea and plead not guilty. He declined to do so.
There was a factual basis for the imposition of this sentence. The nine year sentence is not severe in light of the defendant’s past record and in light of the fact the crime of armed robbery is punishable by a maximum of 99 years. See State v. Williams, 420 So.2d 1116 (La.1982).
This appeal, like so many others of like nature, makes a mockery of our criminal justice system. There is a crying need for constitutional and statutory reform of the rules applicable to appellate review of sentencing. The new legislation should make it crystal clear if the sentence does not exceed the maximum penalty prescribed by the Legislature, and that penalty has not been struck down as constitutionally excessive, the appellate courts are precluded from reviewing the sentencing discretion vested in the trial court.
The judgment of the trial court is affirmed. Costs are to be paid by appellant.
AFFIRMED.
SAVOIE, J., concurs in the result.