AUGUSTINE, Judge.
Defendant, Paul Senior, was charged by bill of information with aggravated burglary in violation of LSA-R.S. 14:60, to which charge he pled not guilty. After the trial court denied several of the defendant’s motions to suppress, he changed his plea to guilty of simple burglary of an inhabited dwelling, a violation of LSA-R.S. 14:62.2, reserving his right to appeal the rulings on the motions to suppress. The state filed a multiple offender bill against Senior and he was sentenced to serve six years at hard labor. Senior appeals the denial of the motion to suppress the identification.
On July 12, 1982 sometime after 1:00 a.m. Ms. Eileen Delaney was at home reading a book when a man she later identified as Paul Senior broke into her apartment. She observed the man for ten or fifteen minutes while all of the lights were on in the apartment. Ms. Delaney described the man as wearing a “flanallette plaid shirt with the color of gray, brown, yellow stripes. He was wearing faded blue jeans with buttons down the front.”
A few minutes later Paul Senior was apprehended by the police one block from Ms. Delaney’s apartment. Senior was wearing blue jeans and was carrying a plaid, flannel shirt. The police then either drove Senior to Ms. Delaney’s apartment or brought Ms. Delaney to the location at which he had been arrested. In either circumstance, Senior was seated in the back seat of the police car, the interior light of the car was on and it was parked under a street lamp. One of the police officers present shined a flashlight onto Senior’s face and asked Ms. Delaney whether Senior was the same man she had seen in her apartment — she replied that he was the same man. This identification took place approximately ten minutes after the burglar had left her apartment. Ms. Delaney also made a positive in-court identification of Senior.
On this appeal the defendant makes only one assignment of error. He contends that the trial court erred when it denied the defendant’s motion to suppress the identification. The defendant argues that the one-on-one confrontation was impermissably suggestive; that the in-court identification was tainted by the out of court identification; and that the victim, Ms. Delaney, picked out the photograph of someone other than the defendant at a photographic lineup conducted subsequent to the arrest of the defendant, all of which circumstances suggest that there is a substantial likelihood that the defendant was misidentified.
In State v. Bickham, 404 So.2d 929, 934 (La.1981) the Louisiana Supreme Court discussed one on one identifications.
One-on-one confrontations between a suspect and a victim, while.not favored by the law, are permissible when justified by the overall circumstances. State v. Dunbar, 356 So.2d 956 (La.1978). *455 Such identification procedures are generally permitted when the accused is apprehended within a short time after the offense and is returned to the scene of the crime for on-the-spot identification.
The circumstances of this identification clearly fall within the Bickham exception. The defendant was apprehended and arrested only a few minutes after the burglary took place. Furthermore, although there was conflicting evidence as to the exact location of the identification, it clearly took place within close proximity to the actual crime. We do not think it was necessary for Mr. Senior to have been escorted back to the precise location of the offense.
In addition it has been well established that
[Reliability is the linchpin in determining the admissibility of identification testimony. The factors to be considered include the opportunity of the witness to view the criminal at the time of the crime, the witness’ degree of attention, the accuracy of his prior description of the criminal, the level of certainty displayed at the confrontation, and the time between the crime and the confrontation. Against these factors is to be weighed the corrupting effect of the suggestive identification ... the standard, after all, is that of fairness as required by the due process clause of the fourteenth amendment. In the final analysis, it must be determined whether under all the circumstances of a particular case there is a very substantial likelihood of irreparable misidentification.
State v. Davis, 409 So.2d 268, 270 (La.1982) discussing Manson v. Brathwaite, 482 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977).
Ms. Delaney testified that she saw the defendant for ten or fifteen minutes in a well lighted apartment. Although there was no direct testimony as to the degree of attention which the witness paid to the defendant, Ms. Delaney’s description was very accurate, and on being asked to identify him she was certain that Senior was the same man she saw in her apartment. < In addition only ten minutes elapsed between the time the burglar left her apartment and the identification confrontation. Given these circumstances we cannot say that there was a “substantial likelihood of irreparable misidentification.” Manson, supra. These factors also weigh against a finding that the in-court identification was tainted.
Nor can we say that the conduct of the photographic lineup indicates a sufficiently strong likelihood of misidentification to warrant reversal.
For the reasons assigned, the trial court’s denial of the motion to suppress the identification is affirmed. Accordingly, we also affirm the defendant’s conviction and sentence.
AFFIRMED.