449 So.2d 466 (1984)
STATE of Louisiana
v.
Henry F. DAVIS.
No. 82-KA-2682.
Supreme Court of Louisiana.
April 2, 1984.
William J. Guste, Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., William R. Campbell, Madeleine Slaughter, Susan Scott Hunt, Asst. Dist. Attys., for plaintiff-appellee.
William Noland, Lawrence J. Boasso, New Orleans, for defendant-appellant.
WATSON, Justice.
The issue in this appeal from a conviction for aggravated battery is whether the trial court erred in allowing evidence of another crime through the identification testimony of a second victim.
Defendant, Henry F. Davis, pled guilty in Orleans Parish to battering Rebecca Sachnit with a dangerous weapon, a pellet pistol, in violation of LSA-R.S. *467 14:34.[1] Prior to the guilty plea, the trial court denied the state's request to introduce evidence of other crimes. A writ was granted; the ruling was reversed, and the case was remanded for a new hearing:
"to determine: (1) Is identity of the offender a real issue? and (2) Is there clear and convincing evidence that defendant committed the other offenses?" State v. Davis, 389 So.2d 71 at 73 (La., 1980).
After the trial court made an affirmative ruling on these questions; a second writ was denied on the ground that appeal was an adequate remedy for any error. When defendant pleaded guilty, he reserved the right to contest the trial court's ruling under State v. Crosby, 338 So.2d 584 (La., 1976).
Madeleine Slaughter, assistant district attorney for the Parish of Orleans, testified that she had interviewed four girls, two from Orleans and two from Jefferson Parish. The two girls from Orleans Parish, Rebecca Sachnit and Lisa Flores, were walking to Dominican High School on successive days when they saw the same driver in the same light colored car. On January 8, 1980, Rebecca was struck on the right hip. A doctor confirmed that Rebecca had been shot with a pellet gun. On the following day, Lisa had a gun or a weapon or a pellet gun of some kind pointed at her. On January 10, 1980, the girls saw the same car and obtained a license number. The car was registered to Henry Davis. The two girls from Jefferson Parish were also walking to a Catholic girls' high school when they were shot on the right hip with a pellet gun. The four girls' descriptions of the car and the assailant were very similar.
Louise Crouchet, a resident of Marrero, testified that, after attending Immaculata High School on January 4, 1980, she was hit by a BB gun on the right lower hip. Louise Crouchet made a positive identification of defendant Davis in court. On cross-examination, she admitted previously identifying defendant at the Jefferson Parish Correctional Center on February 21, 1980.
Louise Crouchet's identification on February 21, 1980, had been the subject of a suppression hearing in a Jefferson Parish prosecution of Henry Davis for the aggravated battery of Dawn Biggers and Louise Crouchet. In State v. Davis, 409 So.2d 268 (La., 1982) the out-of-court identifications of Davis by Crouchet and Julie Baye in a one-on-one confrontation at the police station were suppressed because of the "substantial likelihood of irreparable misidentifications." 409 So.2d at 270. The trial court was reversed and the matter remanded. Defendant argues that Louise Crouchet's in-court identification should have been suppressed because of the decision in State v. Davis, 409 So.2d 268 (La., 1982). His guilty plea here was qualified; he reserved the right to review the trial court's ruling on his motion to suppress Crouchet's testimony.
It is undisputed that defendant's modus operandi is peculiarly distinctive, making these signature crimes. Aggravated battery is an "intentional" crime. LSA-R.S. 14:33. Defendant's intent was a relevant issue. It would be possible to accidently hit a person with a missile from a pellet gun. Evidence of defendant's other identical acts was admissible to prove his intent. LSA-R.S. 15:445, 15:446. Also, although there was no trial on the merits, identity was obviously a crucial issue. Victim Sachnit did not come face to face with her assailant. She was walking; he was in an automobile; the encounter was brief. Evidence of the other identical acts was admissible to prove defendant's identity. State v. Davis, 389 So.2d 71 (La., 1980).
Commission of another crime, which is independently relevant and admissible, need not be proven beyond a reasonable *468 doubt. McCormick on Evidence, § 190, p. 451 (2d ed., 1972). It is sufficient if the evidence is clear and convincing. State v. Hatcher, 372 So.2d 1024 (La., 1979).[2]
The question is whether the evidence of defendant Davis' Jefferson Parish crime against Louise Crouchet was sufficiently clear and convincing to allow her testimony in this Orleans Parish prosecution.
Despite the fact that the out-of-court identification by Louise Crouchet was ordered suppressed in State v. Davis, 409 So.2d 268 (La., 1982), her in-court evidence at this hearing was clear and convincing. She remembered the day in question as the day she was shot. Around lunch time, defendant was "riding around the school. And, he looked sort of suspicious." After school, the man was still "riding around.... we just kept on watching him."[3] Subsequently, that same day, he shot her with a BB gun.
One factor tainting the out-of-court identifications was the lack of precautions to prevent the two girls from influencing each other. That factor was not present at this hearing. Of the two witnesses whose identifications were suppressed in State v. Davis, 409 So.2d 268 (La., 1982), Louise Crouchet gave the more detailed description. According to her testimony here, she watched Davis attentively before she was shot. She made an unequivocal in-court identification. Despite the suppression of her out-of-court identification at the police station, defendant did not establish that Louise Crouchet's in-court identification was unreliable. Manson v. Brathwaite, 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977). The trial court did not err in allowing this evidence to establish intent and identity.
For the foregoing reasons, the conviction and sentence of defendant, Henry F. Davis, are affirmed.
AFFIRMED.
LEMMON and CALOGERO, JJ., concur.
DENNIS, J., dissents with reasons.
DENNIS, Justice, dissenting.
I respectfully dissent. This court should not permit the state to use the identical evidence it ordered suppressed in a previous prosecution against the defendant. State v. Davis, 409 So.2d 268 (La.1982).
NOTES
[1] Defendant was sentenced "to two years at hard labor. Said sentence is suspenced (sic). And, the defendant is placed on active probation for a period of three years. Special condition of the probation is that the defendant serve six months in the Parish Prison. And, that he receive mental health counseling, that he seeks help with it, to see if he can obtain some assistance...." (Tr., Hearing on November 9, 1981, p. 5-6)
[2] The United States Fifth Circuit adopted a lower standard than clear and convincing proof in United States v. Beechum, 582 F.2d 898 (5 Cir. 1978) cert. den. 440 U.S. 920, 99 S.Ct. 1244, 59 L.Ed.2d 472 (1979):

"As the rule provides, the task for the trial judge is to determine whether there is sufficient evidence for the jury to find that the defendant in fact committed the extrinsic offense. See Morgan, Functions of Judge and Jury in the Determination of Preliminary Questions of Fact, 43 Harv.L.Rev. 165 (1927). The judge need not be convinced beyond a reasonable doubt that the defendant committed the extrinsic offense, nor need he require the Government to come forward with clear and convincing proof. The standard for the admissibility of extrinsic offense evidence is that of rule 104(b): `the preliminary fact can be decided by the judge against the proponent only where the jury could not reasonably find the preliminary fact to exist.' 21 Wright & Graham, Federal Practice and Procedure: Evidence § 5054, at 269 (1977)."
[3] Tr., Hearing of January 13, 1981, p. 6.