GULOTTA, Judge.
On appeal of his conviction for purse snatching in violation of LSA-R.S. 14:65.1, Van Burén Crawford contends the trial judge erred in denying his motions to suppress the victims’ on-the-scene identification and to compel a line-up. We affirm.
In the early morning hours of January 11, 1982, a vacationing Canadian couple were attacked by two young men near the corner of Toulouse and Burgundy Streets in New Orleans. While one perpetrator grabbed the woman’s purse, the other fought the woman’s companion. After a brief struggle, the attackers fled the scene with the purse.
Moments later, Detective Claude Flout of the New Orleans Police Department, who was driving riverbound on Toulouse in an unmarked car, observed two men, one with a purse in his hand, running suspiciously on Toulouse toward Rampart Street. As the police officer turned onto Burgundy Street, he saw a woman sitting on the ground and several people assisting her. He then drove one block to Orleans Avenue and proceeded back to Rampart Street where he apprehended the two men he had just seen: Cornelius Bernard, who was carrying the purse, and defendant Van Bu-rén Crawford. Detective Flout transported them back to Toulouse and Burgundy where both victims identified Crawford as one of the attackers.
At Crawford’s trial, both victims again identified Crawford as the assailant. Cornelius Bernard, however, who had pled guilty to the purse snatching, testified that he and another man, not the defendant, had committed the offense. According to Bernard, he met his long-time acquaintance Crawford by chance after stealing the purse and separating from his accomplice. On cross examination, however, the prosecutor confronted Bernard with two prior inconsistent statements: the first at his Boykin hearing when he had indicated Crawford had committed the offense, and the second during a jail visit when he had stated to the prosecutor that he had committed the offense alone.
Defendant Crawford likewise testified about his chance encounter with Bernard, and claimed his participation in the attack was impossible because of injuries to his right hand and arm. On cross examination, however, the prosecutor showed that Crawford was capable of making a fist with his left hand.
Before turning to defendant’s assignments of error, we have reviewed the documents in the record and the 78 page transcript of the jury trial in accordance with State v. Raymo, 419 So.2d 858 (La. 1982). We find no errors patent on the face of the record. Furthermore, viewing the evidence in light most favorable to the prosecution, we conclude that any rational trier of fact could have found the defendant guilty of purse snatching as the jury did in this case. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Graham, 420 So.2d 1126 (La.1982). Considering the victims’ testimony that defendant Crawford engaged in a fight while the other perpetrator grabbed the woman’s purse, there is sufficient evidence for concluding that Crawford was a “principal” within the meaning of LSA-R.S. 14:24.
ASSIGNMENT OF ERROR 1
In his first assignment of error, defendant contends the trial judge committed reversible error in denying his motion to suppress the victims’ identification. According to Crawford, the circumstances surrounding the identification were “suggestive and cloaked with the danger of irreparable mis-identification” because: the incident happened very quickly, both victims were emotionally upset, the female victim was hurt badly, the male victim’s glasses had been *870 broken in the struggle, the identification was made while Crawford was seated in the back of the unmarked police vehicle without any separation of the two victims, the victim’s purse had been shown prior to the identification, the male victim incorrectly testified Crawford’s shirt was a short-sleeved, and neither victim was able to identify Cornelius Bernard.
One-on-one confrontations between a suspect and a victim are permissible when justified by the overall circumstances, particularly when the accused is apprehended within a short time after the event and is returned to the crime scene. Such prompt identification promotes accuracy, as well as expedites the release of innocent suspects. State v. Williams, 420 So.2d 1116 (La.1982); State v. Bickham, 404 So.2d 929 (La.1981).
To suppress an identification, the defendant must show its suggestive nature and the existence of a reasonable likelihood of misidentification. State v. Prudholm, 446 So.2d 729 (La.1984). Resolution of this issue depends upon the totality of the circumstances. State v. Smith, 418 So.2d 515 (La.1982).
Reliability of the identification is the “linchpin” in determining its admissibility. Manson v. Brathwaite, 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977). Factors to be considered and weighed include: the opportunity of the witness to view the criminal at the time of the crime, the witness’ degree of attention, the accuracy of his prior description to the police (if any), the level of certainty displayed at the confrontation, and the time between the crime and the confrontation. Manson v. Brathwaite, supra; State v. Prudholm, supra; State v. Davis, 409 So.2d 268 (La.1982); State v. Nicholas, 397 So.2d 1308 (La.1981).
Applying these legal standards, we conclude there was no reasonable likelihood of misidentification of defendant Crawford as the perpetrator of the crime. The evidence establishes that both victims had an excellent opportunity to observe him at close range during the struggle at the time of the crime. The scene of the purse snatching was well lit by three lights and entrance lights of a nearby hotel. Moreover, at the scene and at trial, both victims were certain of their identification. Significantly, the on the scene identification took place only ten to fifteen minutes after the offense. Furthermore, the arresting officer testified that both victims identified Crawford “almost ... simultaneously”. Finally, the victims’ trial description of Crawford’s appearance at the time of the offense was consistent with the police officer’s testimony and police photographs.
Based on this evidence, we are not pur-suaded by defendant’s arguments regarding the suggestive nature of the identification. Although Crawford was seated in the rear of the unmarked police car when identified, Detective Flout testified that he had told the victims that he had “two subjects that he wanted them to look at” and did not tell them anything about recovery of the purse until after the identification.
Defendant’s emphasis of the victims’ excitement during the incident, the male victim’s loss of his glasses during the scuffle, and any discrepancy in testimony concerning the length of Crawford’s shirt sleeves do not compel suppression of the identification in the totality of circumstances. There is no showing that the victims’ excitement was so pronounced as to impair their ability to identify the perpetrator. Moreover, evidence is lacking that the loss of the male victim’s eye glasses had any significant effect on his ability to see the defendant. Furthermore, any discrepancy in the length of defendant’s shirtsleeves is unimportant in light of the victims’ detailed and accurate description of defendant’s appearance. When all the factors are weighed, it does not appear that there was a reasonable likelihood of misidentification.
Accordingly, we find no merit to this assignment of error.
ASSIGNMENT OF ERROR 2
We likewise reject defendant’s contention that the trial judge erred in denying a defense motion to compel a line-up. *871 The trial judge in his discretion may order a line-up upon an accused’s proper showing that the interest of justice will thereby be served; for example, where there otherwise exists a reasonable likelihood of a mistaken identification. State v. Boettcher, 338 So.2d 1356 (La.1976).
No such reasonable likelihood of misiden-tification exists in the instant case. However, since both victims identified defendant at the scene within minutes of the crime under non-suggestive circumstances. As aptly pointed out by the trial judge at the hearing on the motion to suppress, “They found a purse, they found a victim, as a matter of fact, two victims, and the pieces only fit too well.” For the same reasons, we likewise find no error in the denial of the motion to compel a line-up.
Accordingly, we affirm defendant’s conviction and sentence.
AFFIRMED.