LABORDE, Judge.
Cessen J. James, defendant, was charged by bill of information with armed robbery, in violation of LSA-R.S. 14:64. He was later identified in a one-man lineup by three persons who witnessed the crime. Defendant moved to suppress the evidence of the identification contending it was unduly suggestive and unconstitutional. The trial court denied the motion. We granted defendant’s stay for review of this ruling. We affirm and remand for trial.
FACTS
On December 27, 1983 at approximately 6:35 p.m., the Shipley Donut Shop on Lee Street in Alexandria was robbed. The culprit used a knife to coerce the employees and patrons to comply with his demands. On the same evening at approximately 8:19 p.m., defendant was arrested for shoplifting at Sears, only a few miles from the Shipley Donut Shop. At 8:20 p.m. defendant was placed before each of three ladies who were present at the robbery of Ship-ley’s in a one-on-one lineup. They separately and individually identified the defendant as the one who robbed Shipley’s. Defendant was -the sole person in the lineup behind a two-way mirror where he could not see the persons who identified him.
Defendant moved to suppress the evidence of the lineup identification, alleging its unconstitutionality.
ISSUE
The issue is whether the trial judge properly denied the motion to suppress given the totality of the circumstances surrounding the one-on-one identification.
PRETRIAL LINEUP IDENTIFICATION
The practice of showing suspects singly to persons for the purpose of identification, and not as part of a lineup, has been widely condemned. However, the alleged violation of due process of law in the conduct of a confrontation depends on the totality of the circumstances surrounding it. Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967). Moreover, the central question regarding lineup identifications is whether under the totality of the circumstances, the identification was reliable even though the confrontation procedure was suggestive. Manson v. Brathwaite, 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977). Under this test it becomes our duty to decide whether the identification procedure in this instance posed a substantial likelihood of irreparable mis-identification. We find that the single lineup in this instance was in fact suggestive. However, it may be admissible if the totality of the circumstances demonstrates that the identification was reliable. State v. Nicholas, 397 So.2d 1308 (La.1981). The United States Supreme Court stated in Manson v. Brathwaite, supra:
“We therefore conclude that reliability is the linchpin in determining the admissibility of identification testimony ...”
The following factors are considered in determining the reliability of the witness:
1) The opportunity of the witness to view the criminal at the time of the crime;
2) The witness’ degree of attention;
3) The accuracy of the witness’ prior description of the criminal;
4) The witness’ level of certainty demonstrated at the confrontation; and,
5) The time between the crime and the confrontation.
These factors are to be weighed against the corrupting effect of the suggestive identification itself. Neil v. Biggers, 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972); Manson v. Brathwaite, supra, 97 S.Ct. at 2253.
The record indicates that each of the three witnesses positively and independently identified the defendant as “the one.” The deliberations were short, evidencing their positiveness in recognizing the defendant as the robber. The identification confrontation transpired within one *481 hour and forty-five minutes following the crime. We find this time period to be relatively short, leaving no reasonable possibility of memory lapse following such a violent crime. Two of the identifying witnesses were employees of Shipley Donut Shop and victims of the crime. For this reason, we find circumstantially that they had ample opportunity to view the defendant and that their degree of attention was heightened for fear of their lives at knife-point. The record does not contain testimony or evidence of the witnesses’ description of defendant prior to the confrontation. Nevertheless, we find ample evidence in the record, both direct and circumstantial, to negate defendant’s allegations of unreliability and irreparable misidentifieation.
Considering the totality of the circumstances, we find that the trial court’s denial of defendant’s motion to suppress the identification evidence was proper. The case is remanded for further disposition consistent with our views herein.
AFFIRMED AND REMANDED.