464 So.2d 299 (1985)
STATE of Louisiana
v.
Cessen J. JAMES.
No. 85-KK-0090.
Supreme Court of Louisiana.
March 8, 1985.
PER CURIAM.
Granted. The ruling of the trial court denying defendant's motion to suppress *300 and the Court of Appeal judgment affirming, 461 So.2d 479, are vacated. The station house one-on-one identification was impermissibly suggestive and conducive to mistaken identification. State v. Davis, 409 So.2d 268 (La.1982). Reliability of the station house identification was not established. The only evidence heard by the trial court was the one police officer who conducted it. Nonetheless we remand this matter to the trial court to consider the motion to suppress anew, with opportunity for the state to present the identifying witnesses. Reliability is the linchpin in determining the admissibility of identification testimony. Manson v. Brathwaite, 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977).
In determining the reliability of the witnesses' identifications the following factors are to be weighed against the corrupting effect of the suggestive police station identifications:
1) The opportunity of the witness to view the criminal at the time of the crime;
2) The witness' degree of attention;
3) The accuracy of the witness' prior description of the criminal;
4) The witness' level of certainty demonstrated at the confrontation; and,
5) The time between the crime and the confrontation.
Neil v. Biggers, 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972); Manson v. Brathwaite, supra, 97 S.Ct. at 2253. The burden is on the state to prove that the witness' identification is reliable.
DENNIS, J., would deny the application.