SCHOTT, Judge.
Defendant was convicted of two counts of armed robbery in violation of LSA-R.S. 14:64 and sentenced as an habitual offender to thirty-three years as to count one and five years as to count two.
We have examined the record for errors patent and find none.
The victims, Joseph Reynolds and Charles Barre, were in the French Quarter in the early morning hours of July 10, 1984 when they saw defendant and Ronald Cheatham. Cheatham, whom they knew, offered them a ride to Max’s Four Aces Lounge where they said they were going. Defendant drove the car with Cheatham in the front seat and Reynolds and Barre in the back. Defendant took them under an overpass where he ordered them to get out of the car and to leave their bags and belongings. Cheatham got out and searched Reynolds while defendant, who was now wielding a gun, searched Barre. After taking their valuables defendant and Chetham drove away. Reynolds and Barre immediately reported the robbery to the police.
About two weeks later Reynolds and Barre were in Max’s Four Aces when they spotted Cheatham dancing. Barre left the bar and called the police who came and apprehended Cheatham whereupon Cheat-ham pointed out defendant, who was present at Max’s, as his partner in the crime. Because the victims did not have the item number of their report, however, the police released Cheatham and defendant. On August 23 the victims separately identified defendant and Cheatham from a photographic lineup staged by the police.
ASSIGNMENT OF ERROR 1
By this assignment defendant asserts the trial court erred in denying his motion to suppress the identification which he argues was tainted because of the one-on-one confrontation between the victims and himself two weeks after the crime. However, the confrontation which occurred here is not the type of victim-perpetrator confrontation looked upon with disfavor and justified only under certain circumstances as in State v. Senior, 446 So.2d 453 (La.App. 4th Cir.1984). In the instant case defendant was first identified not by the victims following a confrontation but by his partner-in-crime.
The only question here is whether the identification by the victims was reliable considering these standards announced in Neil v. Biggers, 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972): 1) the opportunity of the witness to view the defendant at the time of the offense; 2) the witness’s degree of attention; 3) the accuracy of the witness’s prior description; 4) the level of certainty demonstrated by the *599 witness; and 5) the length of time between the crime and the identification. These victims were in defendant’s company for a long time while their attention was on him and before they knew he was going to rob them. Their descriptions of him proved to be accurate. While their final identification of him was six weeks after the crime they were both definite and certain in their testimony that this was the man who robbed them. They were examined and cross-examined as to whether they recognized defendant only because Cheatham picked him out and they testified that they recognized him and were not led to believe he was the robber because of his identification by Cheatham. We have concluded that the trial court correctly denied the motion to suppress.
ASSIGNMENT OF ERROR 2
By this assignment defendant argues his motion for mistrial, based upon statements made by the prosecutor in closing argument, was erroneously denied by the trial court. The following are the remarks:
“Now, the only thing I can think to respond is to say that it was my decision not to multiple bill him. I was not worried about this case. I was perfectly prepared to go to trial today.
It was my choice, and I was personally prepared to go to trial against him with my two witnesses, Charles and Joseph, because I believed that they are very credible, and I believe them.”
These remarks concerned the state’s decision not to multiple bill Ronald Cheat-ham and were in rebuttal to the defense counsel’s attack on the credibility of Cheat-ham who had made a plea bargain in exchange for testifying against defendant. Thus, the argument was justified by C.Cr.P. Art. 774 since it did pertain to the state’s evidence and was in response to defendant’s closing argument.
In any event, the reviewing court must be thoroughly convinced that the jury was influenced by improper remarks and that they contributed to the verdict before reversing a conviction on that basis. State v. Jarman, 445 So.2d 1184 (La.1984). In this case the evidence of defendant’s guilt was so overwhelming these remarks can hardly be said to have added anything to such evidence as the jury weighed and considered it.
Finally, defendant’s argument that the prosecutor’s remarks constituted an impermissible opinion as to strength of his case as in State v. Kaufmann, 304 So.2d 300 (La.1974) cert. denied, Kaufmann v. Louisiana, 429 U.S. 981, 97 S.Ct. 495, 50 L.Ed.2d 591 (1976) is unpersuasive. As pointed out, the remarks, when considered in context, were justified because they were in response to an issue raised by the defense in his closing argument. See State v. Marquer, 446 So.2d 1258 (La.App. 4th Cir.1984), cert. denied, Marquer v. Louisiana, — U.S. -, 105 S.Ct. 182, 83 L.Ed.2d 116 (1984).
The conviction and sentence are affirmed.
AFFIRMED.