CALOGERO, Chief Justice,
concurring in the denial of this writ.
The Court of Appeal reasoned that the contested other crimes evidence was improperly admitted hearsay, but that the *1321 trial court’s admission of this evidence was harmless error because the other crime was minor when compared to the offense charged. This reasoning is not supported by Louisiana evidence law. Nonetheless, the Court of Appeal reached a correct result.
La.C.E. art. 104(A) allows trial courts to consider hearsay in their pretrial hearings on matters of admissibility. The trial court in this case properly considered the testimony of the district attorney’s investigator as to what the defendant’s roommate had told him about the defendant’s theft of the victim’s microwave oven in determining whether the state had clear and convincing evidence connecting the defendant to other crime. State v. Davis, 449 So.2d 466 (La.1984); State v. Prieur, 277 So.2d 126 (La.1973); La.C.E. art. 1103; La.C.E. art. 104, emts. b, c.
As for the relevancy of that prior crime, the State also showed that the victim had expressed her intent to report defendant’s earlier theft to police and that this intent was communicated to the defendant before the charged offense of murder was committed. Despite its hearsay content that evidence was admissible under La.C.E. art. 803(3), which allows for the introduction of hearsay showing a declarant’s intent, plan, or design, where the declarant’s state of mind is at issue. This evidence tended to show that the defendant acted in response to the victim’s intention to call the authorities and thus provided the defendant with a motive for committing the crime. Evidence of other crimes is admissible when it goes to proof of motive. La.C.E. art. 404(B)(1); State v. Sutfield, 354 So.2d 1334 (La.1978). Thus, this hearsay prior crimes evidence was properly admitted.