In re Jerome Morgan;—Defendant; Applying For Supervisory and/or Remedial Writs, Parish of Orleans, Criminal District Court Div. L, No. 367-809; to the Court of Appeal, Fourth Circuit, No. 2Q16-K-0102 C/W 2G16-K-0103.
Granted. See per curiam.
hOn Supervisory Writ from the Criminal District Court, Parish of Orleans
Writ granted. In granting defendant’s application for post-conviction relief to vacate Ms conviction for second degree murder,’ the district court determined that the out-of-court identifications by Kevin Johnson and Hakim Shabazz were unreliable because those witnesses were coerced by NOPD officers to identify defendant as the shooter. In anticipation of defendant’s retrial, the district court correctly deter *592 mined that the state may not rely oil these discredited unreliable identifications. See generally State v. James, 464 So.2d 299, 300 (La.1985) (“Reliability is the linchpin in determining the admissibility of identification testimony?’) (citing Manson v. Brathwaite, 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977)). The district court erred, however, to the extent it found that their -in-court identifications from the first trial will be admissible at the retrial, at which they will presumably not testify because the state has charged them with perjury. Under' the circumstances, there is no reasonable inference that the in-court identifications have a source independent of the out-of-court identifications. See generally State v. Taylor, 347 So.2d 172, 180 (La.1977) (“A trial court properly admits an in-court identification if it has a source independent of the out-of-court identification. In this determination, three factors are relevant: (1) the prior acquaintance of the witness with the accused; (2) the length of time the witness observed the perpetrator before, during, and after the commission of the offense; |¾(3) the circumstances under which the observation was made, i.e., the illumination at the scene, the witness’s physical capacities, and the witness’s emotional state at the time of the observation.”); see also Simmons v. United States, 390 U.S. 377, 383-84, 88 S.Ct. 967, 971, 19 L.Ed.2d 1247 (1968) (“Regardless .of how. the initial mis-identification • comes about, the witness thereafter is apt to retain in his memory the image of the photograph rather than of the person actually seen, reducing the trustworthiness of subsequent lineup or courtroom identification.”). Therefore, defendant’s application is granted and the district court’s ruling is vacated to the extent it would allow the state to use the in-court identifications from the first trial to establish defendant’s guilt at the retrial. Nothing herein, however, precludes the district court from revisiting the admissibility of the prior identifications, out-of-court and in-court, if these witnesses testify at the retrial.
JOHNSON, C.J., recused.
CLARK, J., dissents and assigns reasons.
CRICHTON, J., dissents and assigns reasons.