CALOGERO, Justice.
Defendant, Robin L. Husband, was charged with and convicted of the armed robbery of Samuel Woods, a delivery man for Krauss Company, Ltd. of New Orleans. He was sentenced to serve fifty years at hard labor in the custody of the Department of Corrections.
Following trial, defendant’s appointed counsel filed in the district court a specification of error upon which he relies in this appeal. In that specification of error counsel admits that during trial there were no objections made. He nonetheless requests that the Court examine the entire record for any errors, and he particularly suggests that we scrutinize on-the-scene identifications of defendant made by the victim and his helper, contending that the identification procedure “was highly suggestive of mistaken identification and that a new trial should be granted in this matter due to the identification procedures used by the state.”
As he argues in brief, defendant is of course entitled under the provisions of Article 1, Section 19 of the Louisiana Constitution of 1974 to the right of judicial review based upon a complete record of all evidence upon which the judgment is based. We have held, however, that this right to judicial review does not pretermit the need for compliance with Article 841[1] of the Code of Criminal Procedure. State v. Marcell, 320 So.2d 195, No. 56,387 on the docket of this Court, decided this date.
There being no objections raised during the trial, and no motion to suppress filed in connection with the identifications made *200 of the defendant by the victim and his helper shortly following and at the scene of the crime, there is nothing for us to review. Art. 920(1), Code of Criminal Procedure.
We have additionally examined the entire record for errors discoverable and have found none. Article 920(2), Code of Criminal Procedure.
Accordingly, the conviction and sentence of defendant,. Robin L.- Husband, is affirmed.
DIXON, J., concurs.

. Article 841 provides :
“An irregularity or error cannot be availed of after verdict unless it was objected to at the time of occurrence. A bill of exceptions to ruling or orders is unnecessary. It is sufficient that a party, at the time the ruling or order of the court is made or sought, makes known to the court the action which he desires the court to take, or of his objections to the action of the court, and the grounds therefor.”