GULOTTA, Judge.
Toereanno McKinney, appealing his conviction and fifteen year sentence at hard labor for purse snatching in violation of R.S. 14:65.1,[1] contends that the trial judge erred in denying his motion to suppress the identification of him by the victim.
According to defendant, the victim’s 20-30 second view of the man who took her wallet while her attention had been diverted, her erroneous physical description of the defendant and his wearing apparel, and the improper showing of the wallet to her by police immediately before she was asked to view the defendant make the identification suspect, and constitute suggestive circumstances creating a likelihood of mis-identification in violation of his “due process rights.” We do not agree.
*1237 Shortly after leaving a fast-food chain restaurant at the intersection of St. Charles Avenue and Erato Street in New Orleans on December 30, 1983, at approximately 8:30 a.m., the victim Juanita Silverstein was approached by a man who spoke a few words to her and then grabbed her wallet from her hand and fled on foot.. After notifying the police, the victim went to work. At approximately 11:00 a.m. on the same day, she identified the defendant, who had been brought to her place of employment. Prior to the identification, Mrs. Silverstein was told by the police that they had retrieved her wallet. The identification was through a plate glass window approximately fifteen or twenty feet from the defendant without any obstruction. According to the victim, approximately $300.00 and a medal was missing from the wallet. Her identifications of the defendant as the purse snatcher, both on the day of the offense and at the trial, were positive and without any difficulty.
Before considering defendant’s assignments of error, we have reviewed the record, including the seventeen page transcript of the motion to suppress the identification and the eighty-nine page transcript of the trial, in accordance with State v. Raymo, 419 So.2d 858 (La.1982). We find no errors patent on the face of the record. Furthermore, viewing the evidence in a light most favorable to the prosecution, we conclude that any rational trier of fact could have found the defendant guilty of purse snatching beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Wright, 445 So.2d 1198 (La.1984); State v. Murray, 436 So.2d 775 (La.App. 4th Cir.1983).
Turning now to defendant’s assignments of error, we conclude that the identification procedure was not suggestive and did not contribute to the likelihood of a misidentification. According to the landmark eases, Neil v. Biggers, 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972) and Manson v. Brathwaite, 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977), the factors to be considered and weighed in identification are the opportunity of the witness to view the defendant at the time of the crime, the witness’ degree of attention, the accuracy of the prior description given to the police, the level of certainty displayed at the confrontation, and the elapsed time between the crime and the confrontation. See State v. Prudholm, 446 So.2d 729 (La. 1984); State v. Davis, 409 So.2d 268 (La. 1982); State v. Nicholas, 397 So.2d 1308 (La.1981).
One-on-one confrontations between a suspect and a victim, as in our case, are permissible when justified by the overall circumstances, particularly when the accused is apprehended within a relatively short time after the occurrence and is returned to the crime scene. Proper identification in those cases not only promotes accuracy but also may expedite the release of innocent suspects.[2] See State v. Williams, 420 So.2d 1116 (La.1982); State v. Bickham, 404 So.2d 929 (La.1981).
To suppress an identification, the burden of proof is on the defendant to show its suggestive nature and the existence of a reasonable likelihood of misidenti-fication. See State v. Prudholm, supra. Resolution of the identification issue depends on the totality of the circumstances. State v. Smith, 418 So.2d 515 (La.1982). Reliability of an identification is the “linchpin” in determining its admissibility. Manson v. Brathwaite, supra.
Applying the foregoing rules to the instant case, we are led to conclude that the trial judge properly denied the motion to suppress.
The victim indicated that during the 20-30 second confrontation with the defendant at the time of the offense, she had an opportunity to observe McKinney’s appearance, particularly his eyes. The detailed *1238 description of the perpetrator that she gave to the police closely resembled the defendant’s physical features. Her identifications of the defendant on the day of the crime and at the trial were unequivocal. It is also significant that Mrs. Silverstein had excluded two other suspects brought to her for identification before the defendant. Finally, the identification of McKinney was made within three hours of the time the wallet was taken. Under these circumstances, we do not conclude the identification procedure was so suggestive as to contribute to the substantial likelihood of misidentification.
Having so concluded, we likewise find no merit to the contention that the circumstances surrounding defendant’s arrest tainted the identification procedures and violated his due process rights.
We hasten to note at this point that McKinney confessed to the commission of the offense, but stated that he had done so to avoid prosecution and a beating by the police officers. Although defendant has not raised this issue in his assignment of errors, we have searched the record to ascertain whether any evidence supports his claim. We find no such support.
Accordingly, we affirm the judgment of the trial court.
AFFIRMED.

. LSA-R.S. 14:65.1 Purse snatching:
A. Purse snatching is the theft of anything of value contained within a purse or wallet at the time of the theft, from the person of another or which is in the immediate control of another, by use of force, intimidation, or by snatching, but not armed with a dangerous weapon.
B. Whoever commits the crime of purse snatching shall be imprisoned, with or without hard labor, for not less than two years and for not more than twenty years.

. In the instant case, two suspects had been brought to the victim by the police for identification prior to the identification of the defendant, and in the earlier viewings the victim excluded those two persons as the perpertra-tors.