GULOTTA, Chief Judge.
Appealing his convictions of simple robbery and attempted simple robbery, Kevin Brown contends the trial judge erred in failing to suppress evidence of the victims’ out-of-court identification. According to Brown, the victims identified him as the perpetrator under suggestive circumstances while he was handcuffed in a police station after the crime. We affirm.
At approximately 8:30 p.m. on July 13, 1986, David Stewart, John Flores, and Deanna Rovira were walking to their car parked on Basin Street near the Municipal Auditorium when a black male began following them and making comments about a gold chain on Stewart’s neck. Rovira and Flores turned around, observed the man, but continued walking.
When the three arrived at their vehicle, they found several males seated on the car. As five people ganged up around them, the man who had been following them reached for Stewart’s neck chain, but Stewart knocked his hand away. The same man then attempted to take Flores’s wallet, but Flores fought him off. When Rovira felt someone attempting to take her purse, she ran away to summon help. Before she returned with a police officer, however, the first assailant had ripped the gold chain from Stewart’s neck, and another man in the gang had hit Flores in the face with a pistol before fleeing.
The three victims described the perpetrator who stole Stewart’s chain as a black man about 5'7" tall who was wearing dark clothing and a baseball cap. Rovira and Flores stated that he was wearing jogging pants with a white stripe on the side. *827 Shortly afterward, on Rampart Street about one and a half blocks from the scene of the crime, a patrolling officer arrested Kevin Brown as a suspect fitting a police radio description of the robber.[1]
Unaware of the arrest, the three victims were at the nearby police station when two officers entered with a handcuffed Brown in custody. The arresting officer testified that as soon as Brown walked through the door, two of the victims started shouting, “It’s him, it’s him_” According to another officer, who was interviewing the victims at the station, all three pointed at Brown within five seconds of his entry and said, "... [T]hat’s the one.”
Brown was subsequently charged with the armed robbery of Stewart and attempted armed robbery of Flores. His pre-trial motion to suppress the identification evidence was denied. The trial judge concluded that “nothing untoward .. .happened on the part of the police that would suggest any identification to the alleged victims in this case.” After a trial on the merits, the jury found Brown guilty of simple robbery (Stewart’s chain) and attempted simple robbery (Flores’s wallet).
In his sole assignment of error, Brown contends the trial judge erred in refusing to suppress the identification evidence. According to Brown, the victims identified him during an impermissibly suggestive showup when he was brought directly before them while handcuffed and flanked by two police officers. Defendant further points out that police records of the broadcast description of the robber were of a black male only 4'3" tall, and that the victims, who had been drinking before the incident, identified him as one of hundreds of black youths in the vicinity of Municipal Auditorium immediately after a concert. He further argues that no other corroborative evidence, such as his clothing, was introduced to corroborate the identification.
The defendant bears the burden of proof to suppress an identification by showing its suggestive nature and the reasonable likelihood of misidentification. State v. Prudholm, 446 So.2d 729 (La.1984); State v. McKinney, 455 So.2d 1235 (La.App.4th Cir. 1984). The relevant factors are the opportunity of the witness to view the defendant at the time of the crime, the witness’s degree of attention, the accuracy of the prior description given to the police, the level of certainty displayed at the confrontation, and the elapsed time between the crime and the confrontation. Manson v. Brathwaite, 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977); State v. McKinney, supra. Where there is no indication of impropriety or suggestiveness, an immediate and definite out-of-court identification during an inadvertent meeting between a victim and a suspect is both reliable and admissible. State v. Gabriel, 450 So.2d 611 (La.1984); State v. Loyd, 425 So.2d 710 (La.1982).
In the instant case, all three victims had an opportunity to view the defendant at close range under street lights. In addition to seeing him while they struggled with him, two of the victims had observed him as he followed them to their car. Although the victims had consumed alcoholic beverages before the incident, the police officers testified that the victims did not appear to be intoxicated. When Brown entered the station in police custody, none of the victims knew that a suspect had been arrested and he was not specifically pointed out to them. Their identification of defendant within 25 minutes of the crime was spontaneous, definite, and emphatic. Under these circumstances, the evidence was properly admitted.
Accordingly, the convictions and sentences are affirmed.
AFFIRMED.

. The arresting officer testified at the hearing on the motion to suppress that the radio description was of a "black male approximately five feet or five feet one, short, wearing blue jeans and some type of zip-up blue jacket”. An officer in the data systems section of the NOPD related at trial that a police computer printout described the perpetrator as a black male about four feet three inches tall who was wearing a cotton shirt and blue jeans and who had fled toward Rampart Street.