553 So.2d 1026 (1989)
STATE of Louisiana
v.
Juan PETERS.
No. 88-KA-0206.
Court of Appeal of Louisiana, Fourth Circuit.
November 30, 1989.
Harry F. Connick, Dist. Atty., Janet Ahern, Michele Smith, Asst. Dist. Attys., New Orleans, for state.
James K. Irvin, Milling, Benson, Woodward, Hillyer, Pierson & Miller, New Orleans, for defendant.
Before BARRY, BYRNES and PLOTKIN, JJ.
PLOTKIN, Judge.
On August 21, 1986, the defendant, Juan Peters, was found guilty of first degree robbery. On August 28, 1989, he was sentenced to forty years at hard labor without benefit of parole, probation or suspension of sentence. On September 15, 1986, the defendant was found to be a fourth offender, his original sentence was vacated and he was sentenced to sixty years at hard labor without the benefit of parole, probation or suspension of sentence. The defendant appeals his conviction of first degree robbery on the grounds that the identification of the defendant at the scene of the arrest was suggestive and that there was insufficient evidence to convict him of the crime. The defendant appeals his sentence on the grounds that it was excessive. We affirm both the defendant's conviction and sentence.
FACTS
On July 18, 1986, Robert Jack and Percy Bryan were buying gas for their truck before delivering their morning paper *1027 route. As Jack returned to the truck after paying the attendant for the gas, one man, later identified as Gregory Lockett, came up, pointed a gun at him and demanded the truck. The defendant, acting as a lookout, distracted Bryan, who was in the back of the truck, folding papers. Both Lockett and the defendant got into the truck and Lockett drove away.
After calling the police, the victims drove around looking for the truck. As they drove through the Magnolia Housing Project, about an hour after the crime, they saw that the police had apprehended the two men and that the stolen truck was nearby. At this location, the victims positively identified Lockett as one of the perpetrators of the robbery. Additionally, they identified the defendant, despite the fact that the defendant had on different clothing at the time of the robbery. Both Lockett and the defendant were arrested at that time.
Lockett pled guilty and received a sentence of 7 years. He testified for the defense at trial. He stated that Juan Peters was with him for three or four hours before the robbery but that the two had not discussed the crime before the robbery occurred. Lockett testified that afterwards they drove around in the truck for about an hour before being apprehended by the police. Lockett denied having a gun when the robbery took place.
Errors Patent
After review of the record, we find no errors patent.
Out-of-court identification
The defendant argues that the motion to suppress the identifications was improperly denied by the trial court in that the identification made at the scene of the arrest was made under suggestive circumstances that should have rendered it inadmissible. The defendant contends that this tainted on-the-scene identification necessarily influenced the victims' in court identification as well.
Although one-on-one identifications between a victim and a suspect are generally not favored, such identifications have been allowed when the accused is apprehended within a relatively short period of time after the crime and returned to the scene of the crime for an on-the-spot identification. State v. Collins, 350 So.2d 590 (La. 1977); State v. Holmes, 516 So.2d 184 (La. App. 4th Cir.1987). Additionally, courts have found identifications admissible that resulted from inadvertent meetings between a victim and the suspect where there is no indication of impropriety or suggestiveness and where the identifications were immediate. State v. Loyd, 425 So.2d 710 (La.1982).
In the case at bar, both victims made positive identifications of the defendants, who were found within a short period of time still in possession of the truck. The victims made their identifications within forty-five minutes of the crime as they inadvertently drove up on the arrest of the defendants. There is no indication of impropriety or suggestiveness. Therefore, we affirm the district court's denial of the motion to suppress the identifications, finding that the immediate and definitive identifications were admissible at trial.
Sufficiency of the evidence
The defendant contends that the State failed to prove that he knew of his co-defendant's intention to steal the truck, and thus argues that the evidence was insufficient to convict.
The constitutional standard of review for the sufficiency of the evidence is whether viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found that the state proved the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). The Jackson standard is the objective standard for testing the overall evidence, direct and circumstantial, for reasonable doubt. State v. Wright, 445 So.2d 1198 (La.1984).
First degree robbery is defined as the taking of anything of value belonging to another from the person of another, or that is in the immediate control of another, by use of force or intimidation, when the offender leads the victim to reasonably believe *1028 he is armed with a dangerous weapon. The issue in the case before this court is whether the defendant who, according to the evidence, did not have the gun or actually make the demand that the truck be turned over, can be convicted of the crime of first degree robbery.
LSA R.S. 14:24 provides:
All persons concerned in the commission of a crime, whether present or absent, and whether they directly commit the act constituting the offense, aid and abet in its commission, or directly or indirectly counsel or procure another to commit the crime, are principals.
The State may prove a defendant guilty by showing that he served as a principal to the crime, aiding and abetting another. State v. Smith, 450 So.2d 714 (La.App. 4th Cir. 1984). Additionally, a defendant convicted as a principal need not have personally held a weapon to be guilty of armed robbery. State v. Dominick, 354 So.2d 1316 (La. 1978).
In the instant case, the evidence shows the defendant was with Lockett hours before the crime. He walked over with Lockett to the truck, did nothing to intervene when Lockett pulled a gun, got into the truck, and was found still in possession of the truck at the time of his arrest. We find that the jury could have concluded that the defendant aided and abetted Lockett in the robbery. Since a rational trier of fact could have found that the State proved the elements of the crime beyond a reasonable doubt, the Jackson v. Virginia standard was met. The evidence being sufficient, we affirm the defendant's conviction.
Inadequate Representation at the Multiple Bill Hearing
The defendant, in a supplemental brief, contends that he was denied adequate representation at his multiple bill hearing. The court appointed an Orleans indigent defender on the morning of the hearing after the defendant's original counsel resigned. The defendant asserts that he had inadequate time to confer with his new attorney which resulted in ineffective assistance of counsel.
Although it is well established that a claim for ineffective assistance of counsel should generally be treated in an application for post-conviction relief, when the record discloses sufficient evidence to rule on the merits of the claim, we have considered the issue on appeal. State v. Landry, 499 So.2d 1320 (La.App. 4th Cir.1986). The standard for proving that the defendant was denied adequate representation is set forth in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The defendant must show that the counsel's conduct was deficient and that this deficiency prejudiced him.
In the case at bar, the defendant has failed to make the requisite showing of prejudice as a result of the attorney's appointment the morning of the hearing. The State presented evidence that the defendant was one and the same person who was convicted of three prior offenses. The defendant offers no proof that his attorney could have disproved these assertions. Because the second prong of the Strickland test, a showing of prejudice, was not met by the defendant, we reject his claim of ineffective assistance of counsel.
Excessiveness of the sentence
The defendant argues that his original sentence of forty years was excessive. This sentence which was the maximum that the defendant could have received was vacated. The defendant argues that his multiple bill sentence of sixty years is also excessive. We find that neither sentence was excessive and affirm the trial court's rulings.
A trial judge is given wide discretion in the imposition of the sentence within statutory limits. The sentence imposed by the trial court should not be set aside as excessive in the absence of a manifest abuse of discretion. State v. Davis, 449 So.2d 452 (1984).
In order to ensure adequate review by the appellate court, there must be an indication in the record that the trial court considered both the aggravating and mitigating factors set forth in La.C.Cr.P. art. 894.1 in determining the defendant's particular sentence. State v. Forde, 482 So.2d *1029 143 (La.App. 4th Cir.1986). The Louisiana Supreme Court has noted that "while the trial judge need not articulate every aggravating and mitigating circumstance presented in La.C.Cr.P. art. 894.1, the record must reflect that he adequately considered these guidelines in particularizing the sentence of the defendant." State v. Guiden, 399 So.2d 194 (La.1981), cert. denied 454 U.S. 1150, 102 S.Ct. 1017, 71 L.Ed.2d 305 (1982).
In the case before this court, a review of the record indicates that there was extensive compliance with La.C.Cr.P. art. 894.1. The court noted that the defendant had an extensive criminal history, with three previous felonies. The trial court indicated that the defendant was in desperate need of incarceration, finding no mitigating factors to merit the imposition of a reduced sentence. These reasons were incorporated into the hearing when the defendant was re-sentenced as a multiple offender.
As a fourth offender, the defendant could have received a minimum sentence of forty years and a maximum sentence of life in imprisonment under the provisions of LSA R.S. 15:529.1(A)(3)(a). We find, therefore, that the sentence was neither arbitrary or excessive.
For the above and foregoing reasons, the defendant's conviction and sentence are affirmed.
AFFIRMED.