BARRY, Judge.
The defendant was charged with armed robbery, La.R.S. 14:64. The first trial ended in a hung jury. According to a minute entry, at the second trial the same witnesses testified except defense witness George Adams. The defendant was found guilty as charged and sentenced to thirty-five (35) years at hard labor without benefit of parole, probation or suspension of sentence.
The sentencing transcript was requested, but was not made part of the record and is not available.
TESTIMONY
Lionel Augustine testified he was dispatched to the St. Charles Tavern and picked up a black male in his late 40’s to early 50’s. The passenger, identified as the defendant, sat in the front seat and the taxi proceeded toward the 900 block of Terpsichore, as requested by the passenger. Augustine stated he remembered the address because he formerly delivered mail in that area. During the four to five minute ride Augustine asked about people who lived in that area and noted the passenger had alcohol on his breath.
As Augustine made change, the passenger got out, thrust a gun in Augustine’s face and said “give it up” or words to that effect. After turning over his money, Augustine started to slowly drive off and heard a gunshot. He returned the fire and called the company’s dispatcher and reported he had been robbed by a semi-inebriated black man in his late 40’s to early 50’s with a gray “mingo goatee”, a rutty complexion, and who had on a chain with a heart.
Augustine turned the taxi around to look for the defendant and met a police officer who said “I think we have the suspect.” Augustine was brought to Officer Little’s car and immediately identified the defendant.
Augustine said the entire incident took less than four minutes. He stated that he looked at the defendant while he was in the cab because they had talked. He also noted the defendant’s gold teeth, “rutty complexion”, and age.
Officer Charles Little identified the defendant as the person he arrested at approximately 4:30 a.m. on June 19, 1984 in response to a call regarding an armed robbery by an unknown negro male in the 900 block of Terpsichore. Little and his partner were on Melpomene St. when they were radioed that shots had been fired. They turned about one block from the 900 block of Terpsichore and saw the defendant coming out of an alleyway “creeping and ... looking in an uptown direction away from our vehicle.” Officer Little said when the defendant got to the curb and saw the police car he began to run across the street directly across the headlight beams of the police car. The defendant was carrying a black hat with the butt and barrel of a revolver sticking out.
Little exited the car, drew his gun, and ordered the defendant to stop. The defendant continued to run behind a parked car, then dropped the gun and put his hands on the car. Little frisked the defendant and found the gun on the ground.
Little stated that less than a minute elapsed between receiving the radio call and when he spotted the defendant. He noted they found $58.00, a heart medallion, and a gold chain on the defendant and that the gun had four empty casings.
*83 According to Little, the victim, Augustine, pulled up in a police car, identified the defendant as the armed robber and identified the chain and medallion which the defendant had worn. Augustine identified the defendant after he was “secured” but before he was handcuffed.
Officer David Carter, Little’s partner, corroborated Little’s testimony, and identified the defendant’s clothes, including the hat, chain, and the cash. Carter stated less than two minutes elapsed between the radio call and when they spotted the defendant.
The defendant was the only witness for the defense. He claimed he had been barhopping to celebrate his birthday and was on his way to a friend’s house. He denied being at the St. Charles Tavern that night, denied the robbery and said he never owned a gun. He claimed that he stopped when ordered and that Augustine was unable to identify him until he saw the medallion. He initially denied having a criminal record or ever being in jail. However, on cross-examination he admitted that he had been convicted for possession of marijuana in 1978. The arrest register for the 1978 charge apparently indicated he was arrested for “marijuana with intent to distribute one pound.”
The defendant also admitted that when he was arrested on the present charge the police found two marijuana cigarettes. The State introduced the bill of information for possession of the cigarettes.
The defendant explained his inconsistent testimony due to a faltering memory because of four seizures and at least one heart attack.
IDENTIFICATION PROCEDURE
The defendant urges that the one-on-one identification procedure was imper-missibly suggestive. La.C.Cr.P. Art. 703 F, relevant to motions to suppress, provides:
A ruling prior to trial on the merits, upon a motion to suppress, is binding at the trial. Failure to file a motion to suppress evidence in accordance with this Article prevents the defendant from objecting to its admissibility at the trial on the merits on a ground assertable by a motion to suppress, (emphasis added).
Until 1989, La.C.Cr.P. Art. 841[1] provided:
An irregularity or error cannot be availed of after verdict unless it was objected to at the time of occurrence.... It is sufficient that a party, at the time the ruling or order of the court is made or sought, makes known to the court the action which he desires the court to take, or of his objections to the action of the court, and the grounds therefor.
The requirement of an objection shall not apply to the court’s ruling on any written motion.
When there was no objection at trial and no motion to suppress regarding an identification, the identification is not properly before the appellate court for review. State v. Husband, 320 So.2d 199 (La.1975).
The defendant concedes no motion to suppress was filed and the record has no objection relating to the identification. Therefore, this assignment is not before us at this time.
The defendant relies on State v. Ratcliff, 416 So.2d 528 (La.1982) for the proposition that since ineffectiveness of counsel is also alleged, this assignment should be considered despite the lack of a motion to suppress or objection. In Ratcliff, the ineffectiveness of counsel issue had been fully developed at a hearing on a motion for new trial before the trial court. At that hearing, the trial court had considered the lack of a contemporaneous objection to some hearsay testimony as part of the ineffectiveness claim. We believe these circumstances distinguish Ratcliff from the present case.
*84 SUFFICIENCY OF EVIDENCE
When reviewing for sufficiency of evidence, an appellate court must determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).
The defendant was apprehended within minutes of the robbery and within a short distance from the crime scene. The officers testified that the defendant was running from the area where the crime took place and was hiding a gun which they saw him drop as he stopped. The victim made an identification within minutes of the offense and he noted several distinctive features about the defendant whom he also identified in court.
Taken in the light most favorable to the prosecution the evidence is clearly sufficient to prove that the defendant committed the armed robbery.
INEFFECTIVE ASSISTANCE OF COUNSEL
The defendant claims his counsel was ineffective because he did not file a Motion to Suppress the identification and failed to move for a continuance when a defense witness, George Adams, was not present for trial. On the record, the trial court indicates Adams’ subpoena was not served because he was unknown at the specified address.
The circumstances concerning why Adams was not served, including whether he was unavailable, cannot be determined from the record. Adams testified at the first trial which ended in a mistrial, so it is arguable that Adams’ testimony may have affected the outcome of this trial.
The merits of this claim cannot be determined from this record. The defendant may pursue this assignment through post-conviction relief. See State v. Prudholm, 446 So.2d 729 (La.1984).
EXCESSIVENESS OF SENTENCE
The defendant was sentenced to thirty-five years, which is close to the middle of the five to ninety-nine year range for armed robbery. The sentence must be served without benefit of probation, parole or suspension of sentence.
The trial judge must articulate reasons for an apparently severe sentence and tailor it to the individual offender and the particular offense. State v. Tilley, 400 So.2d 1363 (La.1981). La.C.Cr.P. Art. 894.1 sets forth the criteria for sentencing by the trial court. The trial court need not articulate every cited circumstance, but must indicate that it considered the 894.1 guidelines in tailoring a particular sentence to a particular defendant convicted of a particular crime. State v. Guiden, 399 So.2d 194 (La.1981), cert. denied Guiden v. Louisiana, 454 U.S. 1150, 102 S.Ct. 1017, 71 L.Ed.2d 305 (1982).
The sentencing transcript is not part of the record and is unavailable. At oral argument, the State conceded that because the transcript was unavailable, and compliance with Art. 894.1 cannot be shown, the sentence must be vacated.
The conviction is affirmed. The defendant’s sentence is vacated and the case remanded for resentencing. Defendant’s right to review his sentence is reserved.
CONVICTION AFFIRMED; SENTENCE VACATED; REMANDED.

. By Acts 1988, No. 515 § 3, these two paragraphs were designated "A" and “B” and a third paragraph, designated "C” was added and provides that evidentiary objections are governed by the Louisiana Code of Evidence.