575 So.2d 411 (1991)
STATE of Louisiana
v.
Gerald WATSON.
No. 89-KA-2280.
Court of Appeal of Louisiana, Fourth Circuit.
January 31, 1991.
Harry F. Connick, Dist. Atty., Val M. Solino, Asst. Dist. Atty., New Orleans, for plaintiff-appellee.
Calvin Johnson, Christopher Haddad, Student Practitioner, New Orleans, for defendant-appellant.
Before KLEES, BYRNES and WILLIAMS, JJ.
KLEES, Judge.
On August 10, 1988 the defendant Gerald Watson and a codefendant Gregory Head were charged with armed robbery, a violation of R.S. 14:64. The codefendant subsequently entered a plea of guilty to a charge of accessory after the fact to armed robbery. Appellant was tried on April 4, 1989 which resulted in a mistrial. On August 8, 1989 a second trial began and defendant was found guilty as charged. Defendant was subsequently sentenced to fifty (50) years at hard labor without the benefit of probation, parole, or suspension of sentence.
On July 5, 1988 at approximately 3:00 a.m. Mr. Loren Burt was driving on Marais Street near Franklin Avenue in New Orleans. Mr. Burt was approached by three males, two of whom were armed with guns. The men ordered Mr. Burt out of the vehicle, asked him where his wallet was, then got in the vehicle and drove off. After calling the police, Mr. Burt met with Officer David Morel, who broadcast the descriptions of the robbers and the vehicle and took Mr. Burt home.
Shortly after Officer Morel broadcast the descriptions, Officers Joseph Williams and Madeline Batiste saw a car which matched the description of the vehicle, a red 1988 Toyota Corolla. There were three black *412 males in the vehicle. A car chase began when the officers attempted to pull the vehicle over. The chase ended when the vehicle stalled. The occupants of the vehicle jumped out and began running. Officer Williams chased the driver on foot and later cornered him. At that time, the driver dropped a wallet which was subsequently identified as belonging to the victim. Both Officers Williams and Batiste identified the defendant as the driver of the vehicle.
At the time the defendant was apprehended, Officer Morel returned to the victim's home and brought him to the scene. Mr. Burt identified the vehicle and the defendant. He repeated these identifications at trial.
No weapon was recovered from the defendant. However, Officer Williams testified that while he was chasing the defendant, he saw a gun in his hand.
After the defendant was arrested, he told the officers that he knew the name of only one of the men who had been in the car with him. The defendant identified this man as "Greg" and directed the officers to Greg's house. The officers arrested Gregory Head, appellant's codefendant, as a result of the defendant's statement.
The defense presented no witnesses at trial, although counsel did attempt to call Gregory Head as a witness. Gregory Head was not present, and the trial court denied counsel's request for a recess.

ERRORS PATENT
The record does not indicate that the defendant was present on the second day of trial. The minute entry of August 9, 1989 is silent. The transcript of the same date is also silent on this point.
Louisiana Code of Criminal Procedure article 831 requires the presence of the defendant at "all proceedings when the jury is present" and "at the rendition of the verdict of judgment, unless he voluntarily absents himself." Article 832 of the Code of Criminal Procedure requires that any waiver of the right to be present at the proceedings listed in Article 831 be voluntary. Pursuant to an order of this court, the trial court issued a Per Curiam indicating that the defendant was present at all stages of the trial. Thus there are no errors patent.

ASSIGNMENT NUMBER 1
The defendant contends that the trial judge committed reversible error "by refusing to allow a material witness to testify". The witness referred to is Gregory Head, defendant's codefendant, who was supposed to testify as a State witness on the second day of trial.
The transcript shows that the trial judge waited approximately one and a half hours for the witness to appear. This wait was at the request of the State. The judge then ordered the trial to proceed even though Gregory Head had not appeared and the State rested without his testimony. At that time, the defense called Gregory Head as a witness, and the judge informed counsel that the witness had not appeared. Defense counsel asked for a recess, which was denied by the court. Following the court's ruling, the defense rested without presenting any witnesses.
Code of Criminal Procedure Article 708 defines a recess as a temporary adjournment of a trial or a hearing that occurs after a trial or hearing has commenced. Article 709 of the Code provides the basis for a motion for continuance because of the absence of a witness. The motion for a recess because of an absent witness must be based upon the requirements set forth in Article 709. State v. White, 389 So.2d 1300 (La. 1980). These requirements are:
(1) Facts to which the absent witness is expected to testify, showing the materiality of the testimony and the necessity for the presence of the witness at the trial;
(2) Facts and circumstances showing a probability that the witness will be available at the time to which the trial is deferred; and
(3) Facts showing due diligence used in an effort to procure attendance of the witness.
Both the State and the defense had subpoenaed *413 Gregory Head to be in court.[1] Thus, the third showing under Article 709 of due diligence was apparently met. However, there is no evidence that the defense made the requisite showing under Article 709(1) and (2). The defense never informed the trial court of the facts to which it expected Gregory Head to testify nor of the necessity of his presence. Counsel also did not make a showing of the probability that Gregory Head would be available as a witness in the future. Hence, the trial court did not err in denying the motion for a recess. State v. Donaldson, 439 So.2d 1138 (La.App. 4th Cir.1983).
In his brief, the appellant also argues that the trial court refused to allow Gregory Head to testify because Mr. Head expressed a fear of doing so. In this regard, appellant refers to the following comments in the sentencing transcript:
"You had a co-defendant in this case. There were statements made; there was a gun used, there was a car taken in the same area, same everything. The person who was suppose to come to Court to testify about all of that because they could then used that at your trial. They were so scared they didn't want to come to Court; so, the State could never do it and so I had a little bit of knowledge of your background."
The comments appear to out of context. Just prior to that paragraph, the trial court discussed a Prieur motion and hearing which was held; the motion was granted by the court. However, no evidence of prior crimes was presented at trial. In any event, the transcript of the second day of trial clearly shows that the trial judge refused the State's request to wait any longer for Gregory Head to appear, and then also refused the defendant's request for a recess. Nothing in the transcript indicates that Gregory Head appeared, but refused to testify.
This assignment lacks merit.

ASSIGNMENT NUMBER 2
The defendant contends that the trial court erred by imposing a sentence of fifty years for a single count of armed robbery.
Article 1, Section 20 of the Louisiana Constitution of 1974 provides that "No law shall subject any person ... to cruel, excessive or unusual punishment."
A sentence within the statutory limit is constitutionally excessive if it is "grossly out of proportion to the severity of the crime" or is "nothing more than the purposeless imposition of pain and suffering." State v. Brogdon, 457 So.2d 616 (La.1984), cert. denied Brogdon v. Louisiana, 471 U.S. 1111, 105 S.Ct. 2345, 85 L.Ed.2d 862 (1985); State v. Caston, 477 So.2d 868 (La. App. 4th Cir.1985). Generally, a reviewing court must determine whether the trial judge adequately complied with the sentencing guidelines set forth in LSA C.Cr.P. art. 894.1 and whether the sentence is warranted in light of the particular circumstances of the case. State v. Soco, 441 So.2d 719 (La.1983); State v. Quebedeaux, 424 So.2d 1009 (La.1982).
If adequate compliance with Article 894.1 is found, the reviewing court must determine whether the sentence imposed is too severe in light of the particular defendant and the circumstances of his case, keeping in mind that maximum sentences should be reserved for the most egregious violators of the offense so charged. State v. Brogdon, supra; State v. Quebedeaux, supra; State v. Guajardo, 428 So.2d 468 (La.1983).
A review of the sentencing transcript shows that the trial court was familiar with the defendant's prior conviction for armed robbery and considered it in imposing the fifty year sentence.[2] The court also extensively reviewed the facts of this particular case and the effects of crimes of this type on the community. The court discussed the defendant's poor attitude and apparent lack of remorse. All of these matters are *414 appropriate for consideration under Article 894.1(1), (2), and (3).
The court did not state for the record whether there were any mitigating factors, nor was there an express acknowledgment that these factors under Article 894.1 were considered. However, the defendant did not make any attempt to place any such factors into the record, nor does he argue that there were any. It appears therefore that there was minimal compliance with Article 894.1.
The appellant in his brief argues that the sentence is excessive because it is out of proportion to other sentences imposed. In support thereof, the appellant cites three cases from other circuits and one 1982 case from the Louisiana Supreme Court.
In the 1982 Supreme Court case, the Court found that the sentence appeared arbitrary and excessive. The defendant was a full time university student with no prior felony convictions and only one prior misdemeanor conviction, although he had several arrests. The Court found that in addition to the mitigating factors above, the facts of the case were not such as to indicate the defendant was an extremely dangerous offender (a gun was pointed at the victim, a stranded motorist, who was told to "give it here." A chain and medallion were then snatched from the victim's neck). Because the record did not indicate adequate compliance with Article 894.1, and the record itself did not support the imposition of a twenty-five year sentence, the Court vacated the sentence and remanded for resentencing. State v. Robicheaux, 412 So.2d 1313 (La.1982).
This court has upheld several similar or longer sentences. For example, the Court upheld a ninety-nine year sentence for armed robbery and a forty year sentence for attempted armed robbery. The defendant had held a gun to the victim's head but no actual physical harm occurred. The Court particularly noted that defendant's prior conviction for aggravated assault indicated a risk of physical harm for the defendant's conduct. State v. Johnson, 466 So.2d 741 (La.App. 4th Cir.1985) writ denied 469 So.2d 979.
In State v. Smith, 516 So.2d 210 (La. App. 4th Cir.1987) the defendant was convicted of armed robbery and sentenced to serve fifty years at hard labor. The defendant placed a gun against the victim's head and robbed him of his car. The trial court in that case had noted the defendant's past criminal record which included a conviction for aggravated battery, plus arrests for misdemeanors. The sentence was found not to be excessive.
This Court affirmed a fifty year sentence for a first offender convicted of armed robbery of a fourteen-year old girl. The defendant had an extensive arrest record. State v. Mitchell, 442 So.2d 806 (La.App. 4th Cir.1983). The Louisiana Supreme Court reversed, finding that the sentence was apparently excessive. State v. Mitchell, 445 So.2d 743 (La. 1984). The trial court then ordered a presentence investigation and resentenced the defendant to the same term, noting the defendant's lengthy arrest record and his ruthless victimization of a young girl. The sentence was upheld by this Court, 480 So.2d 388 (La.App. 4th Cir.1985).
The Louisiana Supreme Court has also upheld a fifty year sentence for a first offender. Initially, the court vacated the sentence because the trial court did not state the factual basis for the sentence and thus did not adequately comply with Article 894.1. Because the Court found the sentence apparently excessive, it remanded the case for resentencing. After remand, the Court summarily affirmed the fifty year sentence that was reimposed. State v. Huntsberry, 409 So.2d 555 (La.1982) appeal after remand 439 So.2d 432 (La. 1983).
This Court did recently vacate a thirty five year sentence imposed on a fifty two year old with no significant criminal record. The Court could not determine if there was compliance with Article 894.1 because the sentencing transcript was unavailable. State v. Washington, 556 So.2d 81 (La. App. 4th Cir.1989) writ denied 564 So.2d 318 (La.1990).
The present matter appears to be indistinguishable from State v. Smith, supra. there is minimal compliance with Article *415 894.1, but the defendant has a significant criminal history because of his prior conviction for armed robbery. According to the judge's remarks at sentencing, defendant's prior crime was very similar to the instant offense. A sentence of approximately one-half of the maximum does not appear excessive.
This assignment lacks merit.
Accordingly, defendant's conviction and sentence are hereby affirmed.
AFFIRMED.
NOTES
[1] The transcript of the first day of trial shows that Mr. Head was present at that time; defense counsel had him brought into the courtroom to be identified by the victim.
[2] After trial, the State indicated it intended to file a multiple bill of information. No such bill appears in the record.