hWALTZER, Judge.
A six-person jury found John Jackson guilty of simple burglary, a violation of La. R.S. 14:62. Following a multiple bill hearing, the trial court found the defendant to be a second offender, ordered a presentence investigation, and subsequently sentenced the defendant to serve ten years at hard labor.

STATEMENT OF THE FACTS

On June 4,1992 Ms. Marie Henry and Mr. Ted LaJaunie, federal and state examiners respectively, were engaged in a routine audit of the Riverland Credit Union whose office was then located on the first floor of an office building located at the comer of O’Keefe and Common Streets in New Orleans. The auditors were given a vacant office on the second floor in which to work. At approximately noon, Ms. Henry, Mr. LaJaunie, and two other auditors went to lunch; they did not lock the door of the office where they had been working. Ms. Henry and Mr. LaJaunie left computer equipment under their desks. When they returned from lunch, they were met by the manager of the credit union who told them that some of their equipment was missing. Ms. Henry and Mr. LaJaunie checked the office and found that Ms. Henry’s black bag containing a printer was gone and Mr. LaJaunie’s bag containing a lap top computer was gone. Shortly thereafter, the police arrived with a lap top computer. Based on the serial number, Mr. LaJaunie identified the computer as his. Mr. LaJau-nie and Ms. Henry denied having given defendant John Jackson permission to take any of their equipment.
Ms. Chairmaine Schnauder, Director of the Riverland Credit Union, testified at trial that John Jackson did not have permission to enter the second floor office. She further testified that the credit union’s public office was on the first floor and that the second floor office was generally used only for storage. The door to the office was not marked and was typically kept locked. Riverland employees had access only when they obtained a key from one of three management employees.
Mr. Glen Wainwright, Jr., testified at trial that he was a consulting geologist who had an office on the second floor of the building. On June 4, 1992 at approximately 12:30 p.m. |2while on the way to the restroom, Mr. Wainwright saw defendant John Jackson in the second-floor hallway near the elevator. When he returned from the restroom, Mr. Wainwright did not see the defendant. Becoming concerned, Mr. Wainwright went looking for him. After hearing a noise, Glen Wainwright saw John Jackson enter the elevator with two black computer type cases. Wainwright knew that Jackson did not have the cases with him a few minutes earlier. Mr. Wainwright went down the stairwell and followed Jackson out of the building. Wainwright continued to follow Jackson through the Central Business District, down Loyola Avenue through the Post Office, until they reached Earhart Boulevard. The defendant then saw Mr. Wainwright and ran across Earhart, finally going between two buildings into a housing project. At that point, Mr. Wainwright ceased his pursuit and called the Manager of Riverland Credit Union from a nearby business. After learning that computers had been stolen from the second floor office, Mr. Wainwright called the police and gave a description of the man he followed.
Mr. Wainwright’s call was responded to by Officers Scott Blanchard and Luther Lump-kin. As they proceeded to the location where Mr. Wainwright was waiting, they saw a man carrying a computer who matched the description given by Wainwright. The officers stopped the man, John Jackson, and advised him he was the possible subject of a burglary investigation. Jackson stated he had found the computer underneath the expressway. Jackson was taken into custody and returned to where Mr. Wainwright was waiting. John Jackson was identified by Mr. Wainwright as the man he saw take the computer.
The defense presented a single witness, J.C. Bell. Mr. Bell had been employed by *1393 defense counsel as an investigator. He testified that he had made six separate trips to the building at O’Keefe and Common -within the two weeks proceeding the trial. On no occasion had anyone questioned his presence on the second floor or made any attempt to stop him. However, Mr. Bell was unable to open the unmarked door to the Riverland office on the second floor because it was locked each time. Also, he had knocked on the doors and no one opened them.

ERRORS PATENT

A review of the record for errors patent reveals none.
[ '¿ASSIGNMENT OF ERROR NUMBER 1
In his first assignment of error, Jackson contends that the trial court erred in permitting the State to introduce his statement that he found the computer. Jackson argues that this admission was made while he was in custody and before he was given his rights.
A review of the record shows that no written motion to suppress the confession was filed. Additionally, at the hearing on the motion to suppress the identification, Officer Luther Lumpkin testified to the defendant’s statement. No oral motion to suppress the statement was filed at that time, nor was the trial court’s failure to rule on the admissibility of the statement objected to by counsel. Finally, no objection was made at trial to the testimony regarding the defendant’s statement. La.C.Cr.P. Art. 703 provides that failure to file a motion to suppress evidence prevents the defendant from objecting to its admissibility at trial. Furthermore, La. C.Cr.P. Art. 841 provides that an irregularity or error cannot be availed of after verdict unless it was objected to at the time of the occurrence. Because no motion to suppress was filed and no objection was made at trial, the issue of the admissibility of the statement has not been preserved for review. State v. Washington, 556 So.2d 81 (La.App. 4th Cir. 1989), writ den. 564 So.2d 318 (La.1990).

ASSIGNMENT OF ERROR NUMBER 2

In his second assignment of error, Jackson contends that the trial court erred when it failed to suppress Glen Wainwright’s one-on-one identification.
John Jackson was identified by Glen Wainwright in a “one-on-one” encounter which occurred shortly after the crime. “One-on-one” confrontation between a suspect and the victim (in the instant case, a good Samaritan witness who was not the victim) is generally not favored but is permissible when justified by the overall circumstances, particularly when the accused is apprehended within a relatively short period of time after the occurrence of the crime and has been returned to the crime scene. State v. Walters, 582 So.2d 317 (La.App. 4th Cir. 1991) writ den. 584 So.2d 1171 (La.1991); State v. Peters, 553 So.2d 1026 (LaApp. 4th Cir.1989). These identifications have been upheld because prompt confrontation between the defendant and the victim promotes fairness by assuring the reliability of the identification, while the victim’s memory is fresh, and the expeditious release of innocent Lsuspects. State v. Robinson, 404 So.2d 907 (La.1981); State v. Muntz, 534 So.2d 1317 (LaApp. 4th Cir.1988); State v. Jackson, 517 So.2d 366 (LaApp. 5th Cir.1987).
The present case is a typical one-on-one identification. For example in State v. Valentine, 570 So.2d 533 (LaApp. 4th Cir.1990), a restaurant was robbed in the middle of the night by a man wearing a ski mask. The victims called the police and the defendant was apprehended shortly thereafter, only two blocks from the scene of the robbery. The police officer took the defendant to the scene to be identified by the two victims. The victims separately viewed the defendant who was seated in the back of the car. This Court upheld the identification of the defendant because there was no showing of unreliability or suggestiveness. See also, State v. Peters, 553 So.2d 1026 (La.App. 4th Cir. 1989); State v. Cryer, 564 So.2d 1328 (La. App. 4th Cir.1990); State v. Smith, 577 So.2d 313 (La.App. 4th Cir.1991); State v. Muntz, 534 So.2d 1317 (LaApp. 4th Cir.1988).
In State v. Brown, 519 So.2d 826 (LaApp. 4th Cir.1988), the victims coincidentally *1394 viewed the defendant as he was being led into the police station where the victims had gone to report the robbery. The identifications occurred shortly after the robbery and the trial court’s denial of the motion to suppress the identifications was upheld by this Court.
Likewise, in State v. Guillot, 526 So.2d 352 (La.App. 4th Cir.1988) units den. 581 So.2d 471, 531 So.2d 481 (La.1988), the victim and a witness identified the defendants as they were being led to a police car parked in front of a bar where the crime occurred and the victim identified the defendants in a hospital emergency room. The spontaneous identifications occurred within two hours of the crime and, again, our court upheld the admissibility of these identifications.
We do not find that the identification procedures were suggestive. However, even if we were to apply the five factors used to determine whether the suggestive identification gave rise to a substantial likelihood of misidentifieation, we could find no misidenti-fieation. The five factors are: 1) the victim’s opportunity to view the defendant at the time the crime was committed; 2) the degree of attention paid by the victim during the commission of the crime; 3) the accuracy of any prior description; 4) the level of the victim’s certainty displayed Rat the time of the identification; and 5) the length of time elapsed between the crime and identification. Manson v. Brathwaite, 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977).
In the instant ease, Mr. Wainwright initially observed John Jackson in the elevator lobby of the second floor. Wainwright then followed Jackson for approximately twenty-five minutes. Within ten minutes of ending the pursuit, Jackson was brought to Mr. Wainwright for possible identification. Mr. Wainwright gave a detailed clothing description of John Jackson, which was placed into evidence at trial. Even if we were to assume arguendo that the identification procedure was suggestive, there was no substantial likelihood of misidentifieation. We do not, however, find that the identification procedure was suggestive. This assignment of error is without merit.
For the reason discussed, defendant’s conviction and sentence are affirmed.

AFFIRMED.